HAMILTON WARD, Appellant, *v.* NICK ORSINI et al., Respondents.

Attorney and client — contract of retainer — agreement that if settlement is made without consent of attorney his compensation shall be equal to amount received by client, not on its face unconscionable — action to enforce lien — rule of fairness and reasonableness should be applied — where defendant offers no evidence as to value of services and court makes no finding that amount demanded is excessive, plaintiff entitled to recover amount of claim.

Where an attorney has contracted to prosecute a cause of action for a client and in consideration thereof the client has agreed that in the event of a settlement without the attorney's consent, if the defendant agrees to pay for the services of said attorney, the amount to be paid him shall be equal to the amount paid to the client, and thereafter such a settlement was made, in an action to enforce the attorney's lien, the basic question is whether under all the circumstances of the case the attorney by his contract obtained an undue advantage over his client as applied to the settlement made. The agreement is not on its face unconscionable and where the defendant, in the action to enforce the lien, offered no evidence as to the nature of the claim or the value of the services rendered by the attorney to his client and the trial court has made no finding that the compensation demanded is extortionate or excessive, or out of proportion to the value of the services, plaintiff is entitled to recover the amount of his claim. Such a contract does not hinder a settlement, for it is always open to the settler to defend itself from extortion on the part of the attorney. (*Matter of Snyder*, 190 N. Y. 66, distinguished.)

*Ward* v. *Orsini*, 215 App. Div. 795, modified.

(Argued May 26, 1926; decided June 8, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 23, 1926, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term.

*Hamilton Ward, Dana L. Spring* and *Julius A. Schreiber* for appellant. The plaintiff was entitled to judgment against the defendant New York Central Railroad Company in the sum of $300 and the taxable costs and disbursements. (*Ward* v. *Donovan,* 202 App. Div. 65; 235 N. Y. 240; *Dougherty* v. *N. Y. C. R. R. Co.,* 187 App. Div. 966; *Matter of Friedman,* 136 App. Div. 750; *Martin* v. *Camp,* 161 App. Div. 610; *Morehouse* v. *Brooklyn Heights R. Co.,* 123 App. Div. 680; 185 N. Y. 520; *Serwer* v. *Serwer,* 91 App. Div. 538; *Davis* v. *N. Y. C. & H. R. R. R. Co.,* 233 N. Y. 242.)

*Howard R. Sturtevant* for respondents. The contract herein sought to be sustained is clearly contrary to public policy, unconstitutional and void. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492; *Matter of Snyder,* 190 N. Y. 66; *Conklin* v. *Conklin,* 201 App. Div. 170; *Robinson* v. *Rogers,* 237 N. Y. 467; *Corcoran* v. *Kellogg Structural Co.,* 179 App. Div. 396; *Lee* v. *Vacuum Oil Co.,* 126 N. Y. 579; *Machinski* v. *L. V. R. R. Co.,* 272 Fed. Rep. 920; *Martin* v. *Camp,* 219 N. Y. 170; *Matter of City of New York,* 219 N. Y. 192; *Matter of Board of Water Supply,* 179 App. Div. 877; *Matter of Reisfeld,* 227 N. Y. 137.)

POUND, J. The action is brought to enforce an attorney's lien in an action brought by defendant Orsini against the defendant New York Central Railroad Company. Plaintiff, relying on the Judiciary Law (§ 474) (Cons. Laws, ch. 30) which provides: " The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law," made a contract with Orsini which reads as follows:

" THIS AGREEMENT, made this 5th day of April, 1923, by and between Nick Orsini hereinafter referred to as client, of the city of........party of the first part,

and HAMILTON WARD, of the City of Buffalo, N. Y., party of the second part,

" *Witnesseth,*

" WHEREAS, the said Nick Orsini was injured March 12th, 1923, while repairing a car containing corn meal at the V. I. repair yard tracks of the N. Y. C. R. Co. and desires to employ an attorney to prosecute claim and cause of action against any person who may be responsible therefore,

" *Now, Therefore,* the said client agrees to and hereby does retain the said Hamilton Ward to act as his attorney to prosecute his claim and cause of action and agrees to pay the said Hamilton Ward twenty-five per cent, (25%) in case settlement is effected before any testimony is taken or before the case goes upon the Ready calendar; thirty-five per cent, (35%) in case said cause of action is settled after any testimony is taken or after it goes upon the ready calendar, or is tried and forty-five per cent. (45%) in case an appeal is taken, or a new trial had by either party, of the amount or received or recovered in such settlement or litigation, in addition to the taxable costs and disbursements.

"And it is further agreed that in case said cause of action is settled by the first party without the consent of the second party, then, and in that case the said first party agrees to pay said second party fifty per cent. (50%) of the amount of such settlement, and if by the terms of such settlement it is agreed by the party making the same that they will pay for the services of said attorney, then, it is agreed that such percentage shall be computed on the amount of the money paid first party and the amount to be paid second party added together and that the sum to be paid second party shall be equal to the sum paid first party, and that second party shall have in addition thereto his taxable costs and disbursements; and it is further agreed that if the said cause of action is settled by the first party after the verdict is

rendered without the consent of said second party, then the compensation of the second party shall be computed as if the verdict had been collected in full, in accordance with the provisions of this contract.

"And it is further agreed:
And the said Hamilton Ward agrees to act as attorney for said client and cause to be performed all services necessary to prosecute said claim and cause of action, without any other charge for said service than as above set forth, no charge being made unless a recovery or settlement is had.

"*In Witness Whereof,* the parties hereto have hereunto set their hands and seals the day and year first above written.

                    " NICK ORSINI.   [L. S.]
                    " HAMILTON WARD.   [L. S.]
                         " Hicks."

The railroad company on the day the summons was served made a settlement with Orsini without the knowledge or consent of the attorney, whereby it paid him $300 and agreed to pay Mr. Ward whatever sum it might be legally liable to him by reason of the settlement, with full knowledge of the terms of the contract. It then offered to pay the attorney twenty-five per cent of the amount received by the client together with the taxable costs. Mr. Ward asserted that under the terms of the contract he was entitled to $300, or an amount equal to the amount paid Orsini, together with $26.50 taxable costs, and brought this action to enforce his lien for that amount.

The question is whether the agreement to pay that amount in the event of a settlement with the client without the consent of the attorney is legal as applied to this settlement. The trial court held that as an agreement between attorney and client which prohibited a settlement of the litigation without the consent of the attorney is void as against public policy (*Matter of Snyder,* 190 N. Y. 66) so this agreement was void because it imposed

a penalty upon the client in case he exercised his right to settle the action without the consent of his attorney, and thereby, in effect, deprived him of the control of his own case and compelled him to seek the consent of the attorney in order to make a settlement. It granted judgment establishing the lien at $75 and interest together with $25 taxable costs, amounting in all to $140.75. The Appellate Division unanimously affirmed the judgment entered on the decision of the trial court but allowed an appeal to this court.

In *Morehouse* v. *Brooklyn Heights R. R. Co.* (185 N. Y. 520) it was held that a contract of retainer giving the attorney fifty per cent of the recovery was not unconscionable as a matter of law; that the question was one of fact depending upon the character of the claim and the amount of services to be rendered in prosecuting it to judgment, and that the mere fact that the attorney under the agreement was to receive one-half does not render the agreement unconscionable, " unless it appears from the evidence that it was induced by fraud, or, in view of the nature of the claim, that the compensation provided for was so excessive as to evince a purpose on the part of the attorney to obtain an improper or undue advantage over his client." The defendant in this action interposed the defense that the agreement was unconscionable and void as it had a right to do (*Morehouse* v. *Brooklyn Heights R. R. Co., supra*) but it offered no evidence as to the nature of the claim or the value of services rendered by Mr. Ward to his client. The trial court has made no finding that the compensation demanded by the attorney is extortionate or excessive, or out of proportion to the value of the attorney's services.

The parties were free to make their own contract as to compensation. The basic question is whether under all the circumstances of the case Mr. Ward thereby obtained an undue advantage over his client as applied to the settlement made in this case. If the parties might have

agreed on a compensation of fifty per cent on all moneys received by the client and if fifty per cent was a fair and reasonable sum for the services rendered, the contract would be upheld and enforced. It is difficult to see why any different rule than that of fairness and reasonableness should be applied when the attorney by agreement with his client seeks to provide that his compensation shall be equal to the amount received by the client if the client settles without the attorney's consent. At the present standard of professional compensation $300 would not as matter of law be excessive compensation for the services of a reputable and experienced attorney in taking the case and beginning the action. It may well be that in a supposed case the amount received by the client would be so completely out of proportion to the value of the attorney's services that it would be unconscionable as matter of law to permit him to enforce his contract. Clearly such would be the fact in a case suggested by the respondent's attorney where the total sum to be paid to attorney and client would be in excess of the amount demanded in the complaint. But we may not close our eyes to the fact that the agreement before us is for all practical purposes intended to safeguard the attorney against settlements for small sums made behind his back whereby he would be deprived of just compensation for services rendered. Such intent, when the result is reasonable, does not bring the contract under the condemnation of the *Snyder Case* (*supra*) of contracts which seek absolutely to prevent settlements without the consent of the attorney.

If the proposed settlement were for a substantial sum it would in all probability be negotiated under the advice and supervision of the attorney, and the question here presented would not arise.

As the case presents itself, no unjust burden is imposed on the client or the railroad. The railroad satisfied the client and agreed to pay his lawyer the amount due him.

It may on its defense against the attorney's demand attack the agreement as unconscionable but it is not on its face unconscionable. No evidence has been offered to establish the fact that it is unconscionable. It does not hinder settlements, for it is always open to the railroad company to defend itself from extortion on the part of the attorney.

The defendant places itself in the attitude of refusing to pay Mr. Ward $300 for the services rendered by him to his client without regard to the value of such services. It has by its own attitude made this litigation necessary. The client sought to protect his attorney by disclosing to the defendant the terms of his contract. The defendant does not question the reasonableness of the fee. It questions only the manner in which the amount is arrived at. No claim is made that the client is imposed on or that the result sought by the attorney is inequitable. Applying the test of reasonableness to the settlement in question it follows that Mr. Ward is entitled to recover the amount of his claim without regard to abstractions which are inapplicable thereto.

The judgments should be modified by providing that plaintiff have a lien for the sum of $325 with interest from April 10, 1923, and as so modified affirmed, with costs to appellant in all courts.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., absent.

Judgment accordingly.