In the Matter of CHARLES C. ANNABEL, an Attorney and Counselor at Law of Waverly, Tioga County, N. Y.

Third Department, May 16, 1928.

**Attorney and client — suspension from practice — attorney suspended for one year for making unconscionable contracts with clients and for appropriation of client's money.**

Respondent, an attorney at law, is suspended from practice for one year for making unconscionable contracts of employment with two clients and for appropriating to his own use money delivered to him by one client for use in litigation.

Under said contracts of employment the respondent was entitled to fifty per cent of any recovery, and he was also given authority to employ another attorney and expert witnesses at the expense of his clients. These contracts are unconscionable.

One client gave him $150 to pay fees of witnesses, and after he had expended $4, she demanded the return of the balance, but he refused to return it to her. In spending the money after demand, the respondent converted the same.

The respondent is required to execute a general release to both clients and to pay the expenses of opening a default entered against one client, return the money converted, and execute a stipulation in blank to enable both clients to secure another attorney of record.

DISCIPLINARY proceedings instituted by the Association of the Bar of the County of Tioga.

*Urbane C. Lyons, District Attorney,* for the petitioner.

*Charles C. Annabel,* in person [*James O. Sebring* of counsel], for the respondent.

PER CURIAM. The respondent was admitted to practice as attorney and counselor in July, 1901, at a term of the Appellate Division of the Fourth Department.

The Tioga Bar Association has instituted proceedings in this court to disbar Charles C. Annabel. The charges served upon him upon which hearings have been had before an official referee embrace securing from two clients unconscionable contracts of employment; the appropriation of a client's money; the commencement of an action without authority to do so; the attempt to have clients exaggerate their injuries to secure larger settlements or verdicts; suggesting to a witness to feign illness to procure an adjournment of the trial of a case; offensive attentions to Mrs. Watts, his client, in his office, etc.

Upon the argument upon the report of the official referee, the Bar Association also presses the charge that the respondent resorted to untruthfulness in his testimony in an attempt to refute that of the witnesses produced against him.

Most of the charges have relevancy to two actions of negligence brought by the respondent, viz., one *Watts* v. *Epstein,* in which the complaint against Epstein was that he negligently ran the plaintiff down while on the sidewalk near the Erie railroad crossing in the village of Waverly; and the other *Stiles* v. *Village of Waverly,* in which Mrs. Stiles sued the village of Waverly for a defect in the sidewalk causing her to fall.

We have reached the conclusion that the contracts claimed by him to have been made with his clients are unconscionable, that they " evince a purpose on the part of the attorney to obtain an improper or undue advantage over his client." (*Ward* v. *Orsini,* 243 N. Y. 123, 127.)

Here the agreement claimed was not for fifty per cent of the recovery but it was that the attorney might hire counsel and incur expenses of expert and other witnesses and that his client should pay all such expenses and then that he should have half of the recovery. The agreement might result in not only denying the client any part of recovery but leaving her in debt besides. Beyond such

consideration the respondent was possessed of no such great ability that he could command any compensation out of the ordinary.

Another charge is that the respondent appropriated one hundred and forty-six dollars out of one hundred and fifty dollars asked by the respondent of his client Mrs. Stiles to pay the fees of the witnesses and maintain them if necessary at the court. She demanded the return of this money when Annabel had expended but four dollars of it. He refused to return it and expended it after such refusal by paying Sebring, counsel, fifty dollars and two expert witnesses fifty dollars each. With regard to his obligation to the doctors he told Mrs. Stiles in reference to paying expert doctors, " they will take it just the same as I take it on a basis if you win you pay them, if you don't win you don't have to pay them."

The agency of Annabel so far as this money which belonged to his client was concerned was terminated by her demand. Debts, if any existed to Sebring or the doctors, were the debts of Mrs. Stiles not of Annabel. When he paid such moneys out against the will of his client he appropriated them to his own use. (*People* v. *Miller*, 169 N. Y. 339.) His treatment of his client seems the result of a petty spite, mean and ignoble.

We do not approve any language used by the official referee which may be construed to cast any reflection upon the conduct of the Bar Association in presenting the charges against the respondent. The petitioner has exhibited a very commendable appreciation of the necessity of requiring practitioners of the law to live up to high ethical standards.

It is a distinct public service to call the attention of the Appellate Division to the conduct of a member of the profession which constitutes a menace to the public welfare.

The respondent has contradicted many of the witnesses of the petitioner including members of the Bar Association to whom he swore he " loaned " his answer when two of them swear the word " loaned " was not used. The fact is his answer was not loaned and after obtaining it for use in preparing his defense he was bound in good faith to return it to the Bar Association. He also denied the written terms of a stipulation signed by himself for the physical examination of his client.

We cannot but regard the witnesses produced by the petitioner as in the main wholly disinterested. The untruthful testimony of the respondent prevents the court from relying upon it in determining any question of fact. In the above specified matters at least, we find such charges to be proven. We do not find that from the speech of people his character was bad. It is quite possible he enjoyed a reputation beyond his deserts.

In considering the measure of discipline to be administered in the proceeding we are moved by the facts that he has dependents and has reached the age of fifty-five years and that among laymen his reputation has been good.

We refrain, therefore, from disbarring him. He should be suspended from practice for one year from the date of the final order herein. He should hand Helen Watts an executed stipulation in blank to enable her to secure another attorney of record so that she can pursue her remedy for her injuries and he shall add thereto a general release in these words: "I hereby release Helen Watts from any and all claims for services and disbursements which I may have against her in the above entitled action."

He should hand Edith Stiles a like substitution in blank; pay her $100 to enable her to have her default, which he negligently suffered to be taken, opened, and pay her attorney to that end. He should pay her the further sum of $146, with interest from the dates he checked it out, and shall add to the substitution, after paying the several sums mentioned, the words: "I hereby release Edith Stiles from any and all claims for services and disbursements which I may have against her in the above entitled action." We further order: That his suspension be continued beyond one year by the time he takes in furnishing such substitutions and in paying the said moneys.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

The respondent, Charles C. Annabel, is suspended from practice as attorney and counselor at law for the period of one year from the date of the entry and service of a certified copy of the order to be entered herein, at the expiration of which time, unless otherwise ordered, he may resume the practice of the law. And the said respondent, Charles C. Annabel, is hereby commanded, during said period of one year, to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another, and is hereby forbidden, during said period of one year, to perform any of the following acts for compensation or reward, to wit: (1) To appear as an attorney or counselor at law before any court, justice, judge, board, commission, or other public authority; (2) to give to another an opinion as to the law or its application or any advice in relation thereto.

And the said respondent is hereby directed to deliver to Helen Watts an executed stipulation in blank, in the action of *Watts* v. *Epstein,* to enable her to secure another attorney of record so that she can pursue her remedy for her injuries, and he shall execute

and add thereto a general release in these words: " I hereby release Helen Watts from any and all claims for services and disbursements which I may have against her in the above entitled action." And the respondent is further directed to deliver to Edith Stiles a like substitution in blank, in the action of *Stiles v. Village of Waverly*, pay her $100 to enable her to have her default, which he negligently suffered to be taken, opened, and pay her attorney to that end; and to pay to her the further sum of $146, with interest from the dates he checked it out, and to execute and add to the substitution, after paying the several sums mentioned, a general release in these words: " I hereby release Edith Stiles from any and °all claims for services and disbursements which I may have against her in the above entitled action." And, further, that the respondent be suspended beyond one year by the time he takes to pay the moneys required to be paid Edith Stiles and to hand her and Helen Watts the stipulations and releases above described. Such time shall be added to the year of suspension hereinbefore described.

The court disapproves of the conclusions of the referee herein, and finds that the respondent, Charles C. Annabel, is guilty of professional misconduct, malpractice, fraud, deceit and conduct prejudicial to the administration of justice.