EDITH E. STILES, Respondent, *v.* CHARLES C. ANNABEL, Appellant.

Third Department, May 25, 1929.

*Sebring & King* [*James O. Sebring, Wilmot H. Knapp* and *Louis E. Mosher* of counsel], for the appellant.

*Truman, Bassett & Wood* [*James S. Truman* of counsel], for the respondent.

PER CURIAM. The plaintiff in July, 1926, employed the defendant, an attorney, to bring an action for her against the village of

Waverly, N. Y., to recover damages for an injury sustained by her upon an alleged defective sidewalk. Prior to the commencement of the action plaintiff and defendant entered into an agreement providing among other things for his compensation: " I further agree to furnish the witnesses necessary to sustain the action  *  *  *  and to pay all costs and disbursements of expert witnesses, if any, as well as all other witnesses, and their costs and disbursements;  *  *  * and I further agree that each of said attorneys shall have a general and specific lien upon the subject matter or [of] said action  *  *  * made for the amount of the costs and disbursements at the rate prescribed by statute for suits  *  *  *  and the further sum of fifty per cent of the amount collected  *  *  *  which I agree to give my said attorney, which said attorney receives in consideration of his services with the costs and disbursements thereinbefore, *  *  *  said attorney not to receive any compensation in case plaintiff is unsuccessful."

It will be seen that the agreement does not provide for the payment by her of the traveling expenses of the defendant. What is contemplated is witness fees, expert and lay and statutory costs and disbursements. Under the agreement when defendant asked plaintiff for the $150 it was for expenses and disbursements contemplated by the agreement and not for expenses of taxi and railroad fares in going to Elmira, Owego and Corning. This advance of money was made early in November, 1926. The case was called for trial at a term of the Supreme Court held at Owego, March 17, 1927, and the defendant being unprepared with the plaintiff's case suffered a judgment to be taken against her dismissing her complaint. The defendant had made no disbursements to or for witnesses but he had paid out $4 for photographs, and after such dismissal she testifies she demanded the $150 back from the defendant. Thereafter and on May fourteenth she instituted this action in the Justice's Court of the town of Barton, Tioga county, to recover the $150. The action was tried and a judgment rendered in her favor in that court. From that judgment he appealed to the County Court and as a result of the trial therein a verdict was directed in her favor for $146 damages and $9.93 interest, which together with the costs amounted to $265.84. From that judgment the defendant has appealed to this court. The grounds of his appeal are that there were questions of fact which should have been submitted to the jury. The only question of fact worthy of discussion seems to me to be raised by the counterclaim that he had " incurred other necessary expenses  *  *  *  in connection with the said lawsuit referred to in the complaint." In his testimony he swears that he expended from $50 to $100 in taxi and railroad fares in

going to Elmira, Corning and Owego. But as we have seen such expenses and disbursements are not contemplated by the contract to be paid by the plaintiff. The defendant relied for repayment of them upon the general compensation provided by the contract if she was successful. It follows that since the defendant was the plaintiff's attorney and agent and because the expenses for witnesses were an obligation of the plaintiff and that the defendant was under no obligation to pay them personally, the $146 of money belonged to the plaintiff and she was entitled to have that sum which remained in his hands unexpended after the dismissal of the complaint returned to her. No other course was open to the trial judge on the issue of the right to that money but to direct a verdict in her favor for that amount.

As to the demand for $500 in the counterclaim it has already been pointed out she was not required to pay for the taxi and railroad fares. As to the services alleged to have been rendered in the action the contract particularly provides that the defendant was not to recover any compensation if plaintiff were unsuccessful in her suit. It is quite apparent that the court was justified in holding that the counterclaim was without evidence to support it.

It may be added that after the plaintiff had demanded the return of her money and had sued for its recovery in Justice's Court, the defendant unlawfully paid out all the money in his hands on alleged fees for expert witnesses and counsel. We have already held in disciplinary proceedings that these payments were unauthorized and illegal and constituted an appropriation thereof to his own use. Further that his contract was unconscionable; and that defendant should deliver to the plaintiff a substitution of attorney, pay $100 to enable her to open the default negligently permitted to be taken by this defendant acting as her attorney, and pay to her the $146 which is the subject of this suit. The rights of the parties have, therefore, been determined and the subject-matter of the defense and counterclaim has been destroyed by the determination of the matter in this court by which defendant is bound. (See *Matter of Annabel*, 223 App. Div. 539.) It would be highly inconsistent if defendant would be required to pay the money in dispute to his client, and still be permitted to recover it back again by reason of a counterclaim already declared illegal.

The judgment should be affirmed, with costs.

Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ., concur.

Judgment affirmed, with costs.