EDITH E. STILES, Plaintiff, *v.* CHARLES C. ANNABEL, Defendant.

Supreme Court, Tioga County, December 12, 1930.

*Truman, Bassett & Wood*, for the plaintiff.

*Sebring & King*, for the defendant.

SENN, J. On June 21, 1928, judgment was entered in this action awarding the plaintiff the sum of $155.93 damages and $109.91 costs. Of the damages $146 was the principal sum and the balance was interest.

The action was to revover back the sum of $146 out of $150 advanced by the plaintiff to the defendant, an attorney at law, as disbursements in an action which he had instituted for her, and which she claimed were not disbursed for the purposes intended. Defendant answered and among other things counterclaimed for services and expenses necessarily incurred in the action greatly in excess of the amount advanced, and demanding judgment against the plaintiff in the sum of $500.

The history of the action in which the defendant was employed

is briefly this. Some time shortly before July 8, 1926, the plaintiff went to defendant's office for the purpose of bringing an action against the village of Waverly, N. Y., for alleged personal injuries due to a defective sidewalk. The accident in question happened in May 1926. On July 8, 1926, she entered into a written agreement with the defendant to commence the action, which was done. After being twice on the calendar the case was dismissed, with costs, on the ground that the plaintiff's attorney was not ready for trial. While the action was pending Mrs. Stiles advanced to defendant the sum of $150 for expenses and, as she claims, particularly for fees and expenses of witnesses, of which only the sum of $4 was properly disbursed.

The contract of employment of the defendant among other things provided that he was to receive no compensation for services unless he was successful in the action.

The defendant claimed that he had paid out the money advanced to him, and more, and rendered the services on the faith of the contract which he had with the plaintiff, he then believing that she had a good cause of action, and he gave evidence tending to prove that he was obliged to let her negligence case be dismissed largely through her failure to co-operate with him in preparing for trial. He, therefore, counterclaimed for services and expenses.

At the close of the trial of the present case, which was before a jury, Judge Turk, who then was and now is the county judge of Tioga county, directed a verdict in favor of the plaintiff.

From the judgment rendered on the verdict the defendant appealed to the Appellate Division of the Supreme Court where the judgment was in May, 1929, unanimously affirmed. (*Stiles* v. *Annabel*, 226 App. Div. 268.) Motions for reargument and for leave to appeal to the Court of Appeals have been denied. Other motions involving the same matter have been made and denied for reasons not necessary to consider here.

Since the trial of this action the defendant has discove ed, through the affidavits of five persons, evidence which in his opinion would have been of great value to him and might have produced a different result, if he had known of it then. The alleged materiality is that when the plaintiff consulted this defendant about her negligence action she gave the date of her accident as having happened on May 15 when in fact it happened on the night of May 2 or 3, 1926. Under the Village Law her claim for damages had to be filed within sixty days. Relying on plaintiff's statement this defendant prepared a claim and filed it on July 13, 1926. Therefore, if the proposed witnesses are correct, the time to file the claim had expired when it was filed, if indeed it had not already

expired when the plaintiff first consulted the defendant; so that plaintiff could not have maintained her action, even though she and this defendant had in all other ways diligently prosecuted the same, because the information that these witnesses would have given as to the date of the accident was already in the possession of the attorney for the village of Waverly. That if this defendant had known this when the present action was tried, it would have discredited the plaintiff and have enabled him to establish his counterclaim on the ground that he was induced to make the contract and render the services through the plaintiff's fraud practiced upon him.

I am at a loss to see how this newly-discovered evidence, giving it all the effect now claimed, would have changed the result of this action.

The directed verdict had to assume every material disputed fact to be resolved in defendant's favor. Therefore, the credibility of the plaintiff was not involved. The judge based his action largely on the opinion of the court in *Matter of Annabel* (223 App. Div. 539), a proceeding concerning this defendant's professional conduct, wherein, among other things, the very transactions involved in this action were investigated and considered and where it was held that the contract taken by this defendant of this plaintiff was unconscionable, evincing a purpose on the part of the attorney to obtain an improper or undue advantage over his client, and that he could not maintain any action or counterclaim thereunder.

The avowed purpose of the present motion, as stated in the motion papers, is to enable the defendant to move for a new trial in the Supreme Court. Under the adjudication of the appellate court a new trial would not and could not change the result. I am, therefore, of the opinion that the motion should be denied.

In view of this determination, it is not necessary to consider whether the county judge, who was more or less a complainant and party to the disciplinary proceedings mentioned in the moving papers herein, and who in other matters and proceedings is alleged to have shown a bias prejudicial to the defendant, is, therefore, disqualified from acting as a judge in this case. If I felt that a new trial was proper I would give that question serious consideration.

But in justice to Judge Turk it should be said that I have carefully read the evidence in the trial at which he presided and find nothing which to my mind is indicative of prejudice or bias. I might differ as to some of the rulings, but in none that were material. His direction of a verdict certainly cannot be cited as evidence of bias when the Appellate Division has held that " No other course was open " to him.

Motion denied. Submit order.