S. Samuel Di Falco, S.
The court holds that the retainer agreement entered into by the petitioner with the respondent attorney for the payment of the latter’s legal fees is binding and effective. There is no proof in the record that the agreement was fraudently or otherwise wrongfully procured by the respondent. The evidence indicates that she knew what she was signing, was aware of the nature and extent of the assets of the estate and in fact made five periodic payments to the respondent on account of the amount due him under the retainer without protest.
While ordinarily a fiduciary has no authority to conclusively bind an estate, where others may be interested, for the payment of a fixed and definite sum for the services of an attorney, beyond a reasonable amount, unless such other persons agree, that situation is not present here. (Matter of Woolfson, 158 Misc. 928.) The petitioner is both the fiduciary and the sole legatee under the will and no one else had any interest in the estate of this decedent. The rule is therefore well stated in Matter of Mason (174 Misc. 218, 222): “ Since both of the parties were competent adults it was open to them to fix this remuneration in advance, and, in the absence of any inequitable dealings in the inception of the contract, a court of general jurisdiction would presumably enforce it according to its terms (Ward v. Orsini, 243 N. Y. 123, 127; Rodkinson v. Haecker, 248 id. 480, 489; Matter of Pagnotta, 161 Misc. 415, 418, 419; Matter of Dugan, 147 id. 776, 780; Matter of Merrill, 165 id. 295, 296), since, as a general principle, the courts will not concern them *894 selves with the terms of a contract if fairly attained. If a competent party, uninfluenced by improper considerations, binds himself by an improvident agreement, that is something for which he may blame himself alone and for relief from which he may not importune the courts.”
The petitioner is an adult person, able to read, write and speak the English language and is therefore bound by her signature. (Matter of Stone, 272 N. Y. 121, 124; Pimpinello v. Swift Co., 253 N. Y. 159, 162, 163.)
The application of the petitioner to fix the compensation of her attorney at a lesser sum than specified in the agreement of retainer and for a refund is therefore denied and the petitioner will be required to pay to the respondent the balance remaining due pursuant to the retainer agreement.
Submit order on notice accordingly.