SOUTHERN LEASING COMPANY, Respondent, *v.* ALFRED LUDWIG, as Superintendent of Buildings, Borough of Manhattan, City of New York, et al., Appellants.

Equity — mandamus — taxpayer's action, under section 51 of Municipal Law, to compel municipal officer to revoke a permit for building — action cannot be maintained where a legal remedy by mandamus is available and adequate.

1. The equitable remedy of an injunction under the General Municipal Law is to be granted or withheld in accordance with the general principles which govern the exercise of equitable jurisdiction. Mere inaction by a public officer will not justify the intervention of a court of equity where the legal remedy by mandamus is available and adequate.

2. Where the superintendent of buildings in the city of New York has refused to revoke a permit theretofore given by him or to interfere with the work of construction being carried on under the permit, a taxpayer's action under section 51 of the General Municipal Law (Cons. Laws, ch. 24) is not the proper remedy. That statute was designed to give a remedy under conditions where none had been available before, not to reach conditions and correct evils where the existing law gave an effective remedy. (*Altschul* v. *Ludwig*, 216 N. Y. 459, distinguished.)

*Southern Leasing Co.* v. *Ludwig*, 168 App. Div. 233, reversed.

(Argued January 6, 1916; decided January 25, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 1, 1915, which reversed an order of Special Term denying a motion for an injunction *pendente lite.*

The following questions were certified: "1. Does the complaint state facts sufficient to constitute a cause of action? 2. Can the plaintiff as a taxpayer and without alleging special damage maintain an action to enjoin the defendant Alfred Ludwig, as superintendent of buildings, from permitting the sign or structure described in the complaint from being erected, or the other defendants from erecting the same? 3. Did the adoption of the ordinance of May 29, 1914, as recited in the complaint, render it unlawful thereafter to erect the skysign for which the defendant Ludwig, as superintendent of buildings, had theretofore issued a permit?"

The facts, so far as material, are stated in the opinion.

*Lamar Hardy, Corporation Counsel (John P. O'Brien* and *John P. Morris* of counsel), for superintendent of buildings, appellant. Under the facts presented in the moving papers herein a taxpayer's action does not lie either under section 1925 of the Code of Civil Procedure or the General Municipal Law. (Cons. Laws, ch. 24, § 51; *Schieffelin* v. *Komfort,* 212 N. Y. 528; *Matter of Reynolds,* 202 N. Y. 441.) The plaintiff has mistaken its remedy which, if it has any rights to relief in the premises, should be sought through mandamus. (*People ex rel. Ward* v. *Assessors,* 137 N. Y. 201; *People ex rel. Leo* v. *Crain,* N. Y. L. J., June 13, 1905.)

*Hector M. Hitchings* for Mecca Realty Company et al., appellants. The complaint fails to state facts sufficient to constitute a cause of action. (*People ex rel. Weinberg* v. *Murphy,* 195 N. Y. 126; 129 App. Div. 260; *Matter of O. J. Gude Co.,* 195 N. Y. 525; 129 App. Div. 266; *People ex rel. Duryea* v. *Wilber,* 198 N. Y. 1; *Hinman* v. *Clarke,* 121 App. Div. 105; 193 N. Y. 640; *Matter of*

*Walker*, 84 Misc. Rep. 118; *Bush* v. *Coler*, 60 App. Div. 56; 170 N. Y. 587; *Bush* v. *O'Brien*, 164 N. Y. 205.)

*Walter H. Bond* for respondent. The plaintiff has the right as a taxpayer to bring this action for the purpose of restraining the erection of an illegal skysign. (*Brill* v. *Miller*, 140 App. Div. 602; *Tompkins* v. *Pallas*, 47 Misc. Rep. 309; *People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390; *People ex rel. Cross* v. *Ahearn*, 124 App. Div. 840; *People ex rel. Lehmaier* v. *Interurban R. R. Co.*, 85 App. Div. 407; *Hicks* v. *Eggleston*, 105 App. Div. 73; *Gage* v. *City of New York*, 110 App. Div. 403; *Rogers* v. *Bd. of Suprs.*, 77 App. Div. 501.) The complaint states a cause of action against each and all of the defendants. (*Fox* v. *Automatic Vaudeville Co.*, 140 App. Div. 926.)

CARDOZO, J. This is a taxpayer's action under section 51 of the General Municipal Law (Cons. Laws, ch. 24). The Mecca Realty Company is the lessee of a building in the city of New York. In February, 1914, it filed a plan for the erection on the roof of a sign 141 feet high. The plan was approved by the superintendent of buildings and a permit granted. Before anything was done under this permit, the board of aldermen, in May, 1914, adopted an ordinance limiting the height of signs on the roofs of buildings to 75 feet. The Mecca Realty Company afterwards and in December, 1914, leased the roof to the O. J. Gude Company, which has commenced the erection of the sign in accordance with the plans. The superintendent of buildings has refused to revoke his permit or to interfere with the work of construction. The plaintiff alleges that the sign, if built, will be dangerous to life and limb. This action is brought to compel the superintendent of buildings to revoke his permit, and to enjoin him from permitting the work to proceed.

The first question is whether a taxpayer's action is the appropriate remedy. The statute says that an action

may be maintained against officers of a municipal corporation to "prevent any illegal official act" (General Municipal Law, section 51). Is this action one to prevent an illegal official act within the meaning of that statute? The superintendent of buildings has already issued the permit. He issued it long before the adoption of the ordinance. If the effect of the ordinance is to nullify the permit, no other revocation is necessary. This was conceded by the Appellate Division. A majority of that court thought, however, that the taxpayer might enjoin the superintendent of buildings from inaction as well as action. He was not commanded to abate the nuisance, but he was restrained from not abating it. The distinction between these two remedies is verbal only. In effect, therefore, it has been held that an action in equity may be maintained by a taxpayer, not merely to restrain a public officer from acting, but to compel him to act. The remedy in equity has thus been made a substitute for the legal remedy by mandamus. Whether an illegal "act" in the sense in which that word is used in the General Municipal Law may under some conditions be an act of omission as well as one of commission, we are not required at this time to decide. It is enough to say that mere inaction will not justify the intervention of a court of equity where the legal remedy by mandamus is available and adequate. The equitable remedy of an injunction under the General Municipal Law is to be granted or withheld in accordance with the general principles which govern the exercise of equitable jurisdiction (*People* v. *Canal Board*, 55 N. Y. 390, 394; *Schieffelin* v. *Komfort*, 212 N. Y. 520, 535). This was clearly recognized by Judge SEABURY writing for the court in *Altschul* v. *Ludwig* (216 N. Y. 459), the most recent case in which the subject has been considered. A fundamental principle governing the exercise of equitable jurisdiction is, however, that equity will not act where the remedy at law is adequate; and the remedy at law *is* adequate

where a full measure of relief is available through mandamus (High on Injunctions, section 28; *N. Y. & G. L. R. Co.* v. *Township of Montclair*, 47 N. J. Eq. 591; *Coquard* v. *Indian Grave Drainage District*, 69 Fed. Rep. 867; *People* v. *Equity G. L. Co.*, 141 N. Y. 232, 237; *Matter of Debs*, 158 U. S. 564, 591). In *Altschul* v. *Ludwig* (*supra*) the illegal permit had not yet been granted. We held in effect that the taxpayer was not called upon to wait until the threatened nuisance had been created and then by some other remedy compel its abatement. There was a positive act to be prevented; mandamus was not available; the wrong, though threatened, had not yet been done, and it never would be done if a court of equity would stay it. In that situation equitable jurisdiction ought not to be declined until a threatened has ripened into a consummated wrong. Even in such circumstances the menace must be imminent and substantial. It must be in a real sense a menace to the *public* welfare. Not every apprehension of injury will move a court of equity to the exercise under this statute of its discretionary powers (*Thomas* v. *Musical Mutual Protective Union*, 121 N. Y. 45, 52, 57). But a situation altogether different from that in the *Altschul* case is now before us. The public officer whose conduct is assailed has not threatened to act. He has threatened to refuse to act. The permit has already been granted; the sign is in course of construction; and, if the superintendent of buildings wrongfully refuses to remove it, the remedy of mandamus is available to any citizen to hold him to the performance of his duty (*People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390; *People ex rel. Cross Co.* v. *Ahearn*, 124 App. Div. 840, 845).

We are persuaded that a taxpayer's suit in equity cannot be extended to such conditions without a perversion of the purpose of the statute. To extend it to this case would be to confer upon courts of equity a power to supervise and correct the conduct of public officers coex-

tensive with the supervisory and corrective jurisdiction that has been heretofore exercised by courts of law. If a highway commissioner, for illustration, permits a highway to be obstructed or to fall into decay, he may be compelled by mandamus to abate the nuisance. But unless special circumstances make the remedy of mandamus inadequate, he will not be enjoined by a court of equity at the instance of a taxpayer from refusing to abate it. The statute was designed to redress a substantial grievance. It was designed to give a taxpayer a remedy under conditions where none had been available before. It was not designed to reach conditions and correct evils where the existing law gave an effective remedy at the instance of any citizen.

The conclusion to which we are thus led makes the consideration of other questions needless.

The order should be reversed, with costs; the first and second questions should be answered in the negative; and it is unnecessary to answer the third question.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and SEABURY, JJ., concur.

Order reversed, etc.