(96 Misc. Rep. 358)

SOUTHERN LEASING CO. v. WILLIAMS, Commissioner of Water Supply, Gas, and Electricity et al.

(Supreme Court, Special Term, New York County. July 24, 1916.)

1. MUNICIPAL CORPORATIONS ⬤═══993(1)—INJUNCTION—ELECTRIC SIGN.

Where a lessee of premises and the owner of a sign erected on the roof thereof had secured the approval of the superintendent of buildings to a plan according to which the sign might be built to a height of 141 feet, but had not acted on such plan before an ordinance limited the height of sign structures on roofs to 75 feet, and where the assignee of the lessee's rights increased the height of the sign to about 135 feet, and was constructing on it an electric illuminating sign in violation of law, the commissioner of water supply, gas, and electricity, would be enjoined pendente lite, on a taxpayer's motion, from issuing a permit or certificate of inspection for the sign.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2158; Dec. Dig. ⬤═══993(1).]

2. MANDAMUS ⬤═══99—GROUNDS—OFFICIAL ACTS.

Mandamus against the defendant commissioner will not lie, since the purpose of the proceeding was not to compel him to do something that he ought to do, but to prevent him from doing something that he ought not to do.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 143; Dec. Dig. ⬤═══99.]

3. MUNICIPAL CORPORATIONS ⬤═══993(1)—INJUNCTION—ILLEGAL SIGNS.

That the superintendent of buildings in New York has been ordered to reduce an unlawful electric sign on a building to legal height is no bar to suit to enjoin commissioner of electricity from granting permit to erect such sign.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2158; Dec. Dig. ⬤═══993(1).]

Motion by the Southern Leasing Company to continue an injunction pendente lite against William Williams, Commissioner of Water Supply, Gas, and Electricity of the City of New York, the Mecca Realty Company, and the O. J. Gude Company, New York. Motion granted.

Bond & Babson, of New York City (Walter H. Bond, of New York City, of counsel), for plaintiff.

Hitchings & Burdick, of New York City, for defendant O. J. Gude Co., N. Y.

Lamar Hardy, Corp. Counsel, of New York City (William J. Millard, Asst. Corp. Counsel, and John P. Morris, both of New York City, of counsel), for defendant Williams.

GIEGERICH, J. The plaintiff as a taxpayer seeks to continue an injunction pendente lite against the defendant Williams, restraining him as commissioner of water supply, gas, and electricity of the city of New York, from issuing a permit or certificate of inspection for an electric illuminating sign to be placed upon a structure erected upon the roof of a building on West Forty-Eighth street, in the borough of Manhattan, city of New York. When the action was commenced, and when the order to show cause, containing a temporary injunction,

was obtained, last March, the said Williams was the sole defendant. Since then the Mecca Realty Company and the O. J. Gude Company, N. Y., have been joined as defendants.

The complaint alleges that the defendant the Mecca Realty Company is the lessee of the premises in question and the owner of the sign erected on the roof thereof, and that the O. J. Gude Company, N. Y., is the assignee of the Mecca Realty Company's rights in the sign; that on May 26, 1914, the board of aldermen of the city of New York passed an ordinance limiting the height of sign structures on roofs to 75 feet, which ordinance was approved by the mayor of the city of New York on May 29, 1914; that previous to the said last-mentioned date, and on the 17th day of February, 1914, the Mecca Realty Company had secured approval by the superintendent of buildings of a plan according to which the sign in question was to be raised to a height of 141 feet; that the Mecca Realty Company, up to the 29th day of May, 1914, had not acted upon its aforesaid plan, and thereafter assigned its rights thereto to the O. J. Gude Company, N. Y.; that thereafter, and on or about January 1, 1915, the defendant the O. J. Gude Company, N. Y., proceeded to increase the height of the sign, and that at the time of the complaint, which is verified on the 17th day of March, 1916, it had increased the height of the sign to almost 135 feet; and that the O. J. Gude Company, N. Y., is constructing upon said structure an electric illuminating sign in violation of law. The complaint also sets forth provisions of the Code of Ordinances of the city of New York forbidding the supply of electric current to any wiring or appliances in any building until a certificate of inspection shall have been issued by the commissioner of water supply, gas, and electricity.

From the affidavit submitted on behalf of the O. J. Gude Company, N. Y., now a defendant, and verified on the 15th day of July, 1916, it appears that since the order to show cause herein was granted the Court of Appeals has handed down a decision affirming an order of the Appellate Division, and declaring that the sign in question as enlarged is illegal and unlawful, and ordering said sign to be reduced to the height of 85 feet; the said order having been obtained in a proceeding brought against Alfred Ludwig, as superintendent of buildings of the borough of Manhattan, city of New York, for a peremptory writ of mandamus.

[1, 2] On behalf of the defendants, it is insisted that the order thus procured renders it unnecessary that any injunction should issue. Reliance is placed by them upon the decision of the Court of Appeals in Southern Leasing Co. v. Alfred Ludwig et al., 217 N. Y. 100, 111 N. E. 470; but that decision only held that since the legal remedy of mandamus was available against that defendant as superintendent of buildings to compel him to perform his duty and remove the unlawful structure, and since that legal remedy was adequate, an action in equity would not lie to restrain him from not abating the nuisance. It is manifest that the present case is not at all parallel with the case just referred to, because here the remedy of mandamus against the defendant commissioner is not available. The purpose of this action

is, not to compel him to do something that he ought to do, but to prevent him from doing something that he ought not to do. The fact that one public official has been directed by an order in mandamus to remove a certain structure does not render wholly superfluous an action of injunction against another public official having wholly separate functions, to prevent that official performing some act which might further complicate the situation. In Altschul v. Ludwig, 216 N. Y. 459, 468, 111 N. E. 216, 219, the Court of Appeals said:

"The erection of a theater, in violation of those provisions of the Building Code which were designed to secure the safety of the public and to afford protection from fire is a public nuisance, which could be restrained by the public authorities, and as the granting of a permit to erect such a building is also an illegal official act, it may be restrained in a taxpayer's action."

[3] Objection is also made on behalf of the defendants that it is not shown that the action sought to be restrained is threatened and imminent, but under the circumstances I think in the public interests the injunction ought to be allowed. The issuance of such an injunction will have the advantage of relieving the commissioner, as a public officer, of the responsibility of determining whether or not he should issue such a permit or certificate, in case he should be applied to for such a certificate, and it should be insisted that he comply upon the ground that the electric appliances of the proposed sign are in conformity with the rules and regulations governing such things.

The motion is granted, with $10 costs. The plaintiff will be required to give security in an amount to be determined upon the settlement of the order. Settle order on notice.