In the Matter of the Application of One DE FINE, Petitioner, for a Peremptory Order of Mandamus against BOARD OF HEALTH OF NEW YORK CITY and Another, Respondents.

Supreme Court, Kings County, July 24, 1925.

**Municipal corporations — zoning ordinances — Building Zone Resolution of 1916, § 6, subds. 3, 4, authorizing change from prohibited use in residential district to other prohibited use limited to premises used for prohibited use when said resolution was adopted — peremptory mandamus order granted to revoke permit for change in prohibited use of premises not so used when said resolution was adopted.**

Subdivisions 3 and 4 of section 6 of the Building Zone Resolution of the city of New York, which permit a change from a prohibited use in a residential district to any other prohibited use enumerated under subdivision a of section 4, are limited by the terms of said section 6 to buildings or premises not conforming to the regulations of the use district when said resolution was adopted.

Accordingly, a permit to erect a garage upon premises, granted after the Building Zone Resolution of 1916 was adopted but before the district in which said premises are located was made a residential district, cannot be amended to permit the use of said premises for a poultry slaughter house. And said permit, having been amended, a peremptory order of mandamus will be granted to compel the board of health of the city of New York and the superintendent of the bureau of buildings to revoke said amended permit.

MOTION for a peremptory mandamus order directing the board of health of the city of New York and the superintendent of the bureau of buildings of the borough of Brooklyn to revoke the permit for a change in use of a part of certain premises for a chicken and poultry slaughter house on the southerly side of Fifty-third street, 127 feet east of Eighteenth avenue.

*B. Mintz,* for the petitioner.

*C. Harry Glick,* for the intervenor.

*George P. Nicholson, Corporation Counsel,* for the respondents.

HAGARTY, J.:

On December 9, 1924, the district in question was zoned as a residential district. Prior to that time a permit had been issued for the erection of a garage upon the premises. On April 9, 1925, the board of health of the city of New York approved an application for a change of the use of a part of the premises for a poultry slaughter house. On April 9, 1925, the superintendent of buildings issued an amended permit for such construction. The application of the owner to intervene is granted. This motion is made by the owner of the adjacent property. The superintendent of buildings contends that he is bound by the approval of the site by the board of health,

and that subdivisions 3 and 4 of section 6 of the Building Zone Resolution permit a change from a prohibited use in a residential district to any other prohibited use enumerated under subdivision a of section 4, which lists the prohibited uses in a business district. The question, therefore, is whether or not the permit was properly issued by the board of health, because the petitioner is properly before the court. (*Southern Leasing Co.* v. *Ludwig,* 217 N. Y. 100.) The regulations of the board of health prescribe that no permit for a poultry slaughter house shall be issued unless the site is located in an *unrestricted district,* as provided for on the use district map and in the use district designations and map designations rules accompanying said maps, as adopted by the board of estimate and apportionment of the city of New York. Prior to the adoption of the Building Zone Resolution, in July of 1916, there were no restrictions whatsoever upon the use of property. This was the first exercise of the police power, and after its adoption all property was held subject to its provisions. Section 6, under which the intervenor and the superintendent of buildings make their claim, does not apply to this case. A permit for the garage was issued April 17, 1924, and the garage is now in course of construction. The building or premises, therefore, were not in use as a garage on July 25, 1916. Section 6, by its terms, applies only to buildings or premises not conforming to the regulations of the use district in July of 1916. Motion granted. Submit order immediately.