FREDERICK BERGHEIM, as Executor of and Trustee under the Last Will and Testament of HENRY I. STETLER, Deceased, as a Taxpayer of the County of Rockland, Respondent, v. ERNEST W. HOFSTATTER, Appellant.— Order among other things vacating satisfaction of judgment and canceling a stipulation of discontinuance of the action affirmed, with twenty-five dollars costs and disbursements. An action was brought by a taxpayer to recover moneys alleged to have been illegally paid to the defendant, a public officer. On the trial the plaintiff succeeded only to a limited degree. On appeal to the Court of Appeals the judgment was reversed, the doctrine concerning the case settled and a new trial granted with costs to the plaintiff, appellant, in all courts (*Thompson* v. *Hofstatter*, 265 N. Y. 54). After judgment on the original trial, and before appeal, the plaintiff died and the present plaintiff was substituted. He was but a nominal plaintiff

and did nothing and contributed nothing to the conduct of the action or its expense. Judgment for costs was entered in his name, but attempts to collect the same from the defendant were unavailing. Then, by the most irregular and unethical conduct, the plaintiff was induced, without the knowledge of his attorney and without the payment of any sum whatever, to satisfy the judgment and discontinue the action. This act, accomplished by furtive and reprehensible means, not only defeated the purpose of the plaintiff's attorney and affected his lien, but also tended to defeat the rights of the taxpayers and to prevent, at least temporarily, the recovery of a judgment for sums illegally retained by defendant. Whether or not the plaintiff's attorney has a valid lien must be determined in a proceeding or action to enforce it. Sufficient showing is made so that the order vacating the satisfaction or discharge will be sustained. The attempt to discontinue the action by stipulation would be unavailing except as it interfered with the orderly progress of the action. (Gen. Mun. Law, §§ 50, 54; *Herder* v. *Clifford*, 252 N. Y. 141.) The action is in the nature of a representative action for the plaintiff is suing in behalf of himself and all other taxpayers. (*Rogers* v. *Board of Supervisors*, 77 App. Div. 501, 502.) In any case where there is evidence of some ulterior purpose the courts will permit a stipulation of discontinuance to be vacated where it is intended by furtive means to perpetrate a wrong. (*Frear* v. *Lewis*, 201 App. Div. 660.) Lazansky, P. J., Young, Scudder and Davis, JJ., concur; Tompkins, J., not voting.