Birdie Amsterdam, J.
In this taxpayer’s suit, the plaintiff seeks a temporary injunction restraining the transfer of possession of the transit power plants to the Consolidated Edison Company of New York, Inc. at 12:01 a.m. of August 1, 1959 pursuant to the plant sale and power supply contracts made April 30, 1959. Resolution authorizing the plant sale was adopted by the New York City Transit Authority on February 20, 1959, and on March 12,1959 the Board of Estimate gave its unanimous approval to the project. Its necessity was recognized and the proposal approved by the New York State Legislature (L. 1959, ch. 857, adding subd. 6 to Public Authorities Law, § 1203).
Whether to sell and transfer the power plants or to incur substantial essential capital improvement and costly maintenance has been a public question for years. Public, civic and *236 private groups and individuals have aligned on one side or the other and have been heard and more particularly with reference to the instant and specific proposals and contracts. After every responsible public agency, having the benefit of full public hearings and debate and the airing of every view, has recognized the necessity and given approval, plaintiff at this late date demurs and upon the eve of orderly change requests another go-around, another field day of inquiry and investigation. Plaintiff has had knowledge of and long association with these matters and events. The present action comes at the eleventh hour and by this motion plaintiff seeks to explode a bombshell upon the basis of a voluminous spread which fails to do more than to sound repeatedly the refrain of “ The Gerosa Companies.”
The contract, it is charged, is illegal and unlawful, contrary to public policy and harmful to public interest. The pivotal public figure involved in the transaction and the public’s protector, the Comptroller of the City of New York, it is said, is engaged in activities incompatible with his paramount public duty. Thus, this conflicting interest requires a finding of illegality, faithlessness and fraud. This is said of a contract which has long been in open public view, debated, considered and approved, and which provides fully for each and every contingency in the event of transfer of possession and operation under the contracts and any eventual judgment of illegality and invalidity. Equally obvious is it that looking to the hour of turn-over many preparations and substantial expenditure of money, are essential on both sides and these have been undertaken. Not alone will these be sacrificed but additional sacrifices and losses will ensue upon deferment of transfer of possession, all of which will, it seems to the court, incur a disruption and damage far greater than any to be expected by virtue of any favorable judgment which plaintiff may secure.
The basic difficulty with the present application is that it does no more than to utter “ Gerosa ” instead of “ wolf ” and the plaintiff rests contentedly without any effort at instancing a single item of fraud or waste apart from any lack of showing of illegality.
The Gerosa companies, it must be noted, are not charged with business activities with the City of New York but with the Consolidated Edison Company. Section 886 of the New York City Charter dealing with conflicts of interest provides in subdivision 3 thereof: “ (3) This section shall not be construed * * * e. to prohibit any councilman or other officer or employee from *237 holding stock or investing or holding any investment, in any corporation or any financial, business, commercial or other private transaction, provided that such stockholding or investment does not create a conflict with his official duties.” In the light of that provision, it cannot be said that plaintiff has shown clear legal right to temporary injunctive relief, an essential element in a taxpayer’s suit as in any action in equity (Southern Leasing Co. v. Ludwig, 217 N. Y. 100; Hudson v. Town of Oyster Bay, 248 App. Div. 737; Kraushaar v. Zion, 135 N. Y. S. 2d 491). The wisdom of the legislative action of the Board of Estimate in giving its approval is not before the court (Ziegler v. Chapin, 126 N. Y. 342). A resolution of approval having a sufficient number of legal votes will not be invalidated by the presence of an additional improper or illegal vote if the contract thus approved is lawful and within power conferred and in the absence of fraud or waste. In this instance, the action of the legislative body was supported by each of its members, including the Comptroller.
It is a fact that the Comptroller is a stockholder in two Gerosa companies doing business not with the City of New York but with the Consolidated Edison Company. Even so, the suggestion of conflict of interest remains no more than that and the attempt to create innuendo by constant repetition is not successful. If it be said that the position of the Comptroller with the city government together with his ultimate power of veto is sufficient to taint the contract with illegality, then in such event mere illegality is insufficient as a basis to upset the contract and particularly in the absence of any attempt to establish fraud or waste. (General Municipal Law, § 51.) In Talcott v. City of Buffalo (125 N. Y. 280, 286, 288), the court stated:
“ [N]o action was ever maintained under this statute with the. sanction of this court, without some proof or allegation that the official act or proceeding complained of was without power or was tainted by corruption or fraud.
* # *
“ Any other construction would subject the discretionary action of all local officers and municipal bodies to review by the courts at the suit of the taxpayers, a result, which would burden the courts with litigation, without increasing the efficiency of local administration.”
The same principle was enunciated and applied to the facts in Western N. Y. Water Co. v. City of Buffalo (242 N. Y. 202, 206-207), in the following language:
*238 “We shall assume, without deciding, that it is illegal for the city of Buffalo to deliver water to the Gas Corporation within the city with the knowledge and intention that it will and shall be then conducted by said Gas Corporation to its premises outside the city for use thereon. * * *
“ Mere illegality is not enough. The very nature and purpose of a taxpayer’s action like the present one presume that there will be more than illegality in order to enable him to intervene. The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests and that if permitted to continue it will in some manner result in increased burdens upon and dangers and disadvantages to the municipality and to the interests represented by it and so to those who are taxpayers. It was not the intention of the statute that a taxpayer shall be allowed to intervene and bring to the decision of the courts every act of a municipal officer which may be claimed to be illegal although ■ concededly it is entirely innocuous. ’ ’
Indeed, it may be said, as it was in Hanrahan v. Corrou (170 Misc. 922, 929 that “ It may be that the committee is mistaken in its estimate; it may be that the transaction will not turn out as advantageously for the city as those interested in the project expect; it is possible that the expenses connected with future improvements will run the enterprise up to such a sum that the revenues paid into the city will be insufficient to meet the bonds as they become due and to pay the interest. The contract may be ill-advised. Time alone will tell. But if the city and its officers were acting in good faith the court will not attempt to pass upon the wisdom of the purchase. That responsibility rests upon the municipal authorities.”
Upon the basis of the foregoing, it is clearly apparent that the plaintiff has failed to establish clear legal right to temporary injunctive relief. The defendants have requested that the court consider their objection to the complaint, urging its legal insufficiency. In the absence of a formal motion attacking the complaint, the objection will not be passed upon at this time.
Plaintiff’s motion is denied.