William B. Brennan, Jr., J.
This is a taxpayer’s action brought pursuant to section 51 of the General Municipal Law seeking a judgment declaring invalid a resolution of the Town Board of the Town of Oyster Bay authorizing the Supervisor of the town to execute a contract with the defendant United *170 States Dredging Corporation for the removal of gravel from the bed of Oyster Bay. The plaintiff seeks a temporary injunction prohibiting the execution of such contract pending-trial.
The resolution, adopted subject to a permissive referendum, is attacked as invalid on several grounds. It is alleged that the statutory authority recited in the preamble to the resolution is not applicable; that no public hearing was held as required by law; that the board lacked power to adopt the resolution and should instead have submitted the proposition to the electorate at a special election to obtain the necessary authority; and that the contract constitutes a waste of the taxpayers’ property. Plaintiff also contends that he and other taxpayers similarly situated will suffer irreparable damage in the form of erosion of waterfront properties, contamination of fresh water' supply and silting of oyster beds in the vicinity of the proposed dredging-operation if such dredging is permitted to commence. “ The drastic remedy of temporary injunction is not to be granted unless a clear right to the relief demanded is established upon the moving papers. The burden of establishing such an undisputed right is upon plaintiff”. (Park Terrace Caterers v. McDonough, 9 A D 2d 113, 114.) To be considered also is the degree of harm that may result to plaintiff pending trial if the injunction is denied. “An injunction pendente lite may be granted only upon a showing that plaintiffs will suffer irreparable injury unless such an injunction is granted.” (McGillicuddy v. Monaghan, 280 App. Div. 144, 145.) These fundamental rules apply in this case because “ [t] lie equitable remedy of an injunction under the General Municipal Law is to be granted or withheld in accordance with the general principles which govern the exercise of equitable jurisdiction.” (Southern Leasing Co. v. Ludwig, 217 N. Y. 100,103, Cardozo, J.)
Consequently, the court will look first at the degree of harm which will result to the plaintiff during the time which will elapse between the determination of the motion and the trial of the action. Only if convinced that such damage will be substantial and irreparable will the court then consider whether the ■plaintiff has demonstrated the “ clear right to the relief demanded ’ ’ and the probability of success in the action.
A thorough reading of the voluminous papers submitted on all sides fails to convince the court that the damage, if any, which may occur by way of silting, erosion or water contamination during the few months it will take before the action is tried, will be in any way substantial. Any waste of taxpayers ’ funds is compensable in the action and therefore not irreparable.
*171 Both the Town Board and Dredging Company are on notice of the attack herein made on the legality and validity of the proposed contract and the procedures preliminary to and culminating in the resolution of authority. If they proceed, they do so at their peril.
The application for a temporary injunction is therefore denied, but without prejudice to a renewal thereof, if the defendants fail to co-operate in completing all preliminary proceedings so that a note of issue and statement of readiness may be filed for no later than the May 1961 Term of this court, and, further, upon the condition that upon the filing of such note of issue, the cause shall be advanced to the foot of the Ready Day Calendar of the first day of the term for which it is noticed subject to the approval of the Justice before whom such calendar is called.
The motion of John W. Nance for leave to intervene as a party defendant is denied. The application is made pursuant to section 193-b of the Civil Practice Act but fails to comply with the plain requirement of that section that the application be accompanied by a proposed pleading setting forth the defense for which intervention is sought. (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 227, 228.) In fact, the applicant’s interest as a taxpayer would seem to indicate that he would more appropriately be an intervener as party plaintiff since this action is in the nature of a representative action wherein the plaintiff sues in behalf of himself and all other taxpayers (Bergheim v. Hofstatter, 243 App. Div. 568, 569). But in this connection, the applicant utterly fails to demonstrate that the plaintiff may or will be unable or unwilling to contest the suit to the fullest. The diligence of plaintiff’s counsel in preparing the papers on this very motion would belie such an assertion in any event. The motions for a temporary injunction and for intervention are accordingly denied.