In the Matter of WILLIAM COHN et al., Respondents, v. BOARD OF SUPERVISORS OF THE COUNTY OF WARREN, Appellant.

Third Department, September 20, 1962.

*Albert E. Beswick* for appellant.

*John S. Hall* for respondents.

REYNOLDS, J. This appeal arises out of the adoption by the Board of Supervisors of Warren County on March 12, 1962 of resolutions imposing a retail sales tax, a restaurant tax, a hotel room occupancy tax, and a compensating use tax pursuant to chapter 278 of the Laws of 1947, as amended. Special Term has determined that such resolutions are null and void and further has directed the Board of Supervisors to convene and by resolution submit to referendum the propositions contained in said resolutions to the qualified electors of Warren County for their approval or disapproval as prescribed by sections 101 and 102 of the County Law.

The petitioners brought this proceeding by the service of a petition pursuant to the provisions of article 78 of the Civil Practice Act, and raised three issues:

1. Whether the resolutions were adopted in accordance with the rules of procedure of the board;

2. Whether the board, having adopted a budget and levied a tax on real property for the fiscal year of 1962, may levy these additional taxes during the said year and,

3. Whether the board was required to hold a referendum on the adoption of these resolutions.

The Special Term has held that there is no merit to petitioners' contentions as to the first and second issues. We agree. The third issue, which is the principal question involved, is whether the imposition of the taxes authorized by chapter 278 of the Laws of 1947 as amended is subject to a referendum on petition. Subdivision j of section 1 of said act provides (L. 1955, ch. 448): "Any county authorized and empowered to impose a tax as provided by this section, *may, before acting hereunder,* by resolution of its board of supervisors, cause to be submitted to the qualified electors of said county, in the manner provided for the submission of a question to electors by the election law and article three of the county law, a proposition or question as to whether such a tax shall be imposed by said county under the provisions of this section." (Emphasis added.)

The language of this subdivision is clear and unambiguous and does not make the imposition of the taxes authorized by section 1 of chapter 278 of the Laws of 1947, as amended, subject to a mandatory or permissive referendum and thus call into play sections 101 and 102 of the County Law. The Board of Supervisors is not required to submit by referendum the question of the adoption of a sales tax.

The order should be modified by reversing, on the law, that part of the order which determines the resolutions void and directs a referendum and, as so modified, should be affirmed and petition dismissed, without costs.

BERGAN, P. J., COON, HERLIHY and TAYLOR, JJ., concur.

Order modified by reversing, on the law, that part of the order which determines the resolutions void and directs a referendum and, as so modified, affirmed and petition dismissed, without costs.