David T. Gibbons, J.
In this proceeding, pursuant to CPLR article 78, petitioners seek judgment compelling the respondents to permit the public to be heard after the adjournment of any regular or special meeting of the Board of Supervisors (the Board).
The petitioners contend that under rule 16 of the Board, as amended by Resolution No. 10-1966 as to procedure, adopted January 24, 1966, the public is entitled to be heard by all members of the Board on any matter, statement or announcement, and that respondents have announced their intention to disregard that rule and have indicated that, commencing on January 5, 1976 the entire Board would not remain after the adjournment of the formal meeting for such purpose.
As so amended rule 16 provides as follows:
"RESOLVED that Rule 16 is hereby amended to read as follows:
"Rule 16. Unless otherwise directed by the Board, the order of business at Regular and Special Meetings of the Board of Supervisors shall be as follows:
"(1) Roll Call.
"(2) Clerk’s announcement of notice given, if a Special Meeting.
"(3) Calendar
Public Hearings Local Laws Ordinances Resolutions Miscellaneous
"(4) Recommendations for Emergency Action, if any.
"(a) Written Recommendations
"(b) Placing before the Board, the Ordinances, Resolutions or amendments to Ordinances or Resolutions "(c) Adoption of Resolution for Emergency "(d) Adoption of Ordinances, Resolutions or amendments to Ordinances or Resolutions.
*697 "The public shall be entitled to be heard on any item appearing on the calendar as such item is called by the Clerk of the Board of Supervisors and on any other matter, statement or announcement after the adjournment of the meeting;”
Section 105 of the County Government Law of Nassau County provides that in relation to "Procedure; emergency actions; special meetings; publicity of calendar. The board of supervisors shall establish rules for its proceedings”
Implicit in the formulation of the resolution designated as rule 16 is an orderly method of procedure for the conduct of the Board’s official business.
In its wisdom, the Board, in amending this rule of procedure in 1966, provided for a public forum at the conclusion of its meetings for the purpose of giving members of the public an opportunity to express their views concerning sundry public issues in order that it may, in performing its legislative functons, be apprised of the differing points of view prevailing.
The said public forum provided by rule 16 is a privilege which is conferred by the Board under its power to establish its own rules of procedure under section 105 of the County Government Law of Nassau County, and as stated in Matter of Cohn v Board of Supervisors of County of Warren (34 Misc 2d 928, 931, mod on other grounds 17 AD2d 104, aff 13 NY2d 695): "If a board has a right to make rules and regulations concerning their procedure, they have a right to abrogate or suspend them”. (See, also, 25 Opins St Comp, 1969, p 196.)
It is the policy of this State, as expressed in section 105 of the County Government Law of Nassau County, that the Board, as the governing body of this county, shall proceed in an orderly fashion with its official business in accordance with the rules which it shall itself establish.
This enactment also provides that "1. The board of supervisors shall act by ordinance or resolution”, and, it follows, that any rule of procedure which it shall create shall be by way of a resolution so that its mode of procedure shall be both uniform and known to all in advance.
Although the Board has large discretion in establishing its own rules of procedure, it may not change such rules without the formality of an amendatory resolution (as is the case of rule 16 now under consideration).
In its present form, rule 16 grants to the Board the author *698 ity to change the order of business as evidenced by the following language: "Unless otherwise directed by the Board, the order of business at Regular and Special Meetings of the Board of Supervisors shall be as follows:”. (Emphasis added.) Such authority does not, however, extend to an omission of the public forum provided by the last paragraph of the resolution, nor that such public forum be before less than the full Board.
A reading of the last paragraph of rule 16 clearly reveals that the public may "be heard” by the full Board "on any item appearing on the calendar as such item is called” and there is nothing in that part of the rule which may be construed to mean that the hearing afforded to the public after adjournment should be by less than the full Board.
Accordingly, it is the determination of this court that until such time as rule 16 may be changed, and, while it is still in full force and effect, it must be complied with by the Board, and the relief demanded in the petition is therefore granted.
In passing, the court notes that the verification of the petition by Bernard Flaton was purportedly effected by affirmation instead of affidavit. Although he is an attorney, he does not, as a party to the proceeding, enjoy the privilege of utilizing an affirmation (CPLR 2106). That verification is therefore, a nullity but the defect has had no bearing upon the determination of this matter.