(95 Misc. Rep. 259)

## FRIEDER v. ADLERMAN.

(Supreme Court, Appellate Term, First Department. May 29, 1916.)

EXECUTION ⬷409—JUDGMENT ⬷841—ASSIGNMENT—VALIDITY.

The title of a receiver, which by Code Civ. Proc. § 2469, dates back to the order of examination in supplementary proceedings, does not affect an assignment of a judgment made in consideration of services, both in obtaining such judgment and in a prior action; the assignee being a bona fide purchaser within the exception of subdivision 5.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. ⬷409; Judgment, Cent. Dig. § 1537; Dec. Dig. ⬷841.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph L. Frieder against Alexander Adlerman. From the judgment, both parties appeal. Modified.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Max Schleimer, of New York City, for plaintiff.

Gallert & Heilborn, of New York City (Walter S. Heilborn, of New York City, of counsel), for defendant.

COHALAN, J. Plaintiff, an attorney at law, brought this action upon an assignment of a judgment, against the Chelsea Exchange Bank, to recover the sum of $533. The defendant, a receiver in supplementary proceedings, claimed the same fund, and thereafter by an order of interpleader the money was paid into court, and the receiver was substituted as defendant for the Chelsea Exchange Bank.

The facts are practically conceded. On August 30, 1915, the plaintiff was retained by Joseph Doelger's Sons to commence an action to. recover a penalty against the Chelsea Exchange Bank. It was agreed in writing that out of the recovery in that action the plaintiff herein should receive 50 per cent. for his services, with the costs of the action, and that the balance of the recovery he should apply on account of services theretofore rendered by him for the copartnership firm. On October 18, 1915, judgment was rendered in favor of Joseph Doelger's Sons for $874.10, which upon appeal was reduced to the sum of $533. On October 20, 1915, Joseph Doelger's Sons assigned the judgment to the plaintiff. On April 29, 1915, an order in supplementary proceedings against the members of Joseph Doelger's Sons was secured; the same being based upon a judgment recovered against the copartnership firm on December 29, 1914. On January 6, 1916, the defendant was appointed and duly qualified as receiver of the property of the copartnership, and he made claim to the full amount of the judgment.

The case was tried upon admissions made in open court, no oral testimony having been taken. The court held that section 2469 of the Code of Civil Procedure was decisive of the issues involved. Under subdivision 1 thereof he held that title. vested in the receiver as of the date of the service of the supplementary proceeding order, which was April 29, 1915, and that this date was prior to the assignment to the plaintiff. He took into consideration, however, the provision at the bottom of the section, which reads:

---

"But this section does not affect the title of a purchaser in good faith, without notice, and for a valuable consideration, or the payment of a debt in good faith, and without notice."

The court found that the claim for legal services in obtaining the fund was conceded, and that the plaintiff was entitled to recover 50 per cent. of the judgment plus the costs and disbursements. The balance of the fund he declared the defendant was entitled to receive, because the alleged allowance for previous services was for a past consideration, and therefore was not covered by the assignment. On this appeal the plaintiff contends that he is entitled to receive under the assignment the entire fund, while the defendant asserts that the assignment is invalid, and that the plaintiff is not entitled to receive any part thereof.

The decision of the court was in effect to find that the assignment was valid as to 50 per cent. thereof, and invalid as to the balance. If the assignment was good in any particular, it should have been so held in all particulars. Moreover, even if the court below did have jurisdiction, the defendant failed to allege or prove any fraud in the transaction, and in the absence of fraud the assignment was conclusive upon the court. It is well settled that an assignment of a judgment, in consideration of services rendered in a prior action and also in the action in which the judgment is recovered, is conclusive, and may not be held unlawful. Zogbaum v. Parker, 55 N. Y. 120; Matter of Havemeyer, 27 App. Div. 123, 50 N. Y. Supp. 126. See, also, Droege v. Baxter, 69 App. Div. 58–62, 74 N. Y. Supp. 585.

The defendant conceded that the plaintiff rendered certain legal services, and the court found as a fact that the plaintiff was a purchaser in good faith, without notice, and for a valuable consideration. The retainer and the assignment both recite that they were executed for valuable considerations, at least sufficient to render them legal and valid instruments. In fact, on the trial the question of the bona fides of the retainer agreement and the assignment of the judgment was not raised.

The judgment rendered herein should be modified, by increasing the amount awarded to the plaintiff from $309 to $541.08, with appropriate costs in the court below, and with $25 costs to plaintiff on this appeal. All concur.