In the Matter of Supplementary Proceedings: JOSEPH RECHER, Respondent, v. FREDERICK GUMPP, Appellant.— The record is incomplete, but it appears that a judgment creditor of Frederick Gumpp is seeking payment in supplementary proceedings from a third person by the name of Becker, against whom Gumpp has a judgment. The attorneys for Gumpp assert informally, in opposition to the motion, an attorneys' charging lien in the action resulting in Gumpp's judgment against Becker. Other claims are asserted against the judgment, but on the face of the record they are not preferred claims. The order granted the motion of the petitioning judgment creditor and did not determine the amount of the attorneys' lien, but gave directions which in effect made the petitioning judgment creditor a receiver for the benefit of the attorneys asserting a lien. Order reversed on the law and the facts, without costs, and the matter remitted to Special Term to determine the amount of the attorneys' lien if a formal claim therefor shall be filed, and to determine any other claims which are asserted to be preferred over the judgment for which payment is sought. The judgment debtor, Gumpp, will, of course, be entitled to separate counsel on such hearing if he dispute the lien of his attorneys. The petitioning judgment creditor, as an interested party, is entitled to question the claimed attorneys' lien as to its validity and as being excessive and also any other claims asserted to be preferred. Hagarty, Davis, Adel, Taylor and Close, JJ., concur. [See ante, p. 726.]

In the Matter of the Estate of MARTIN SMITH, Deceased. EMMA A. ALVERSON, Respondent; ELIZABETH S. MACDOUGAL and MARTIN SMITH, JR., Executors, etc., of MARTIN SMITH, Deceased, Appellants.— Appeal by executors from an order of the Surrogate's Court of Westchester county requiring them in their account to include petitioner as legatee because of a money legacy bequeathed to her in a codicil to the testator's will, which bequest was the sole testamentary provision in the codicil. Order affirmed, with ten dollars costs and disbursements to respondent, payable out of the estate. Petitioner, respondent, was an attesting witness to the will, which could not be proved without her testimony, but she was not a beneficiary thereunder. By the codicil she received a specific bequest; but she was not an attesting witness to that instrument. The codicil was complete in itself. It was independent of the provisions in the will. It was, therefore, a separate testamentary instrument entitled to separate probate; and the bequest to petitioner was not void under section 27 of the Decedent Estate Law. (*Matter of Emmons*, 110 App. Div. 701, 704, 705; *Matter of Pardy*, 161 Misc. 77, 83, 84.) Hagarty, Davis, Adel, Taylor and Close, JJ., concur. [165 Misc. 36.]