In the Matter of the Estate of MARY A. PHILLIP, Deceased.

Surrogate's Court, Albany County, July 30, 1938.

*Thomas F. McDermott*, for the proponent.

*Thomas J. O'Connor*, for the respondents.

ROGAN, S. This proceeding was instituted by certain relatives of the testatrix under section 145 of the Surrogate's Court Act for a determination as to the validity and effect of the legacy bequeathed to Hazel M. Cole, one of the subscribing witnesses to the original will.

The facts are as follows: The decedent, a resident of the city of Albany, died on October 26, 1937. On January 30, 1928, she executed her will, directing the payment of her debts and funeral expenses, and providing for a suitable marker to be placed upon her grave. The rest of her estate she gave to her sister, Sarah E. Horton and named her as executrix thereof. The subscribing witnesses to this instrument were Hazel M. Cole, her attorney, and one Celia J. Shepherd. On September 6, 1935, the testatrix executed a codicil to said will which provided as follows: " Whereas I, Mary A. Phillip, residing at 443 State Street in the City of Albany, New York, made my last will and testament dated January 30, 1928, by which I have given all of my property to my sister, Sarah E. Horton, but have made no provision in case she should predecease me, now, therefore, I hereby make and declare this to be a codicil to my said last will and testament to be annexed thereto and taken as a part thereof, viz.:

" If my sister Sarah E. Horton should predecease me, then I give, devise and bequeath all of my property of every name, nature and kind, real and personal and wheresoever situate, unto my

friend, Hazel M. Cole residing in the City of Albany, New York, absolutely, in recognition of her many acts of kindness to me during these many preceding years."

The codicil contains no revocation clause. Miss Cole was named as executrix, and the attesting witnesses were Elizabeth W. Liddle and Ruth B. Patterson. Both of these instruments were admitted to probate June 6, 1938.

It is contended that Hazel M. Cole, being a witness to the will under which she derived no interest, loses the legacy given to her under the codicil, subsequently executed, to which she was not a witness, by reason of the operation of section 27 of the Decedent Estate Law.

I am unable to agree with the contention of counsel for the respondents. In a very recent case (*Matter of Smith*, 165 Misc. 36; affd., 253 App. Div. 731), involving practically the same facts and the legal principle involved herein, Surrogate SHIELS, in a very learned and exhaustive opinion, held that a witness to a will under which she derives no interest does not thereby lose a bequest made to her in a subsequent codicil to which she was not a witness; that a gift is only voided where the witness has attested the instrument under which she takes (Dec. Est. Law, § 27), and the fact that the testimony of such witness was necessary to the probate of the will itself does not bar her as a legatee under the codicil. While the courts in this department are not bound by the rules and decisions of the Second Department, I am much impressed with the reasoning given and the authorities cited in the decision last above referred to, and feel constrained to follow the rule laid down.

Furthermore, I hold and determine the codicil was complete in itself. It was independent of the provisions of the will and was a separate testamentary instrument entitled to separate probate, and that the legacy to the proponent was not voided under section 27 of the Decedent Estate Law. (*Matter of Smith*, 253 App. Div. 731; *Matter of Emmons*, 110 id. 701; *Matter of Pardy*, 161 Misc. 77.)

Decreed accordingly.