In the Matter of the Application of CHARLES P. SULLIVAN, as District Attorney of the County of Queens, to Revoke the Sentence Heretofore Imposed upon One ETTA REISMAN and to Resentence Said ETTA REISMAN in Accordance with Law. Hon. CHARLES P. SULLIVAN, as District Attorney of the County of Queens, Appellant; Hon. CHARLES S. COLDEN, as County Judge of Queens County, Respondent. —Order denying application for an order directing a judge of the County Court of Queens county to revoke the sentence heretofore imposed upon one Etta Reisman and to recall and resentence her, unanimously affirmed, without costs. The application was not timely. The court expresses no views on the other questions raised. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Probate of the Last Will and Testament of ESTHER HULL TREMAIN, Deceased, as a Will of Real and Personal Property. BANK OF NEW YORK AND TRUST COMPANY (NOW BANK OF NEW YORK), as Executor, etc., Named in Last Will and Testament of ESTHER HULL TREMAIN, Deceased, Respondent; HENRY H. JACKSON, CHARLES TREMAIN JACKSON and DIANA A. TUCKER, Appellants.— Decree of the Surrogate's Court, Westchester county, admitting to probate in its original form a script propounded as the will of the decedent, unanimously affirmed, with costs to the respondent, payable out of the estate. Our views on the ultimate and substantial question here involved makes unnecessary the consideration of any other contention. No jury question existed in respect to the intent with which the markings on the script propounded were made. No such question could arise unless and until it appeared that the markings were of such a character that they so affected such a vital part of the will as presumptively to effect a revocation. Here the markings did not affect the will in its entirety or a vital part thereof, such as a signature, in either of which events a revocation *prima facie* of the entire will would have been effected. Assuming, therefore, that the markings placed on the script by the decedent were placed there with intent to effect a revocation, wh.ih is all that a jury could find at the behest of the contestants, the markings were ineffectual to effect a revocation, and the script was, under the otherwise conceded facts, properly admitted to probate. (*Quinn v. Quinn*, 1 Thomp. & C. 437, 440; *Lovell v. Quitman*, 88 N. Y. 377; Dec. Est. Law, § 34.) Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ. [168 Misc. 549.]

JOHN M. JACKSON, Individually and as Administrator, etc., of LEOPOLD JACKSON, Deceased, and as Assignee of MORRIS JACKSON, MIRIAM P. JACKSON and JOSEPH JACKSON, Appellant, v. ABRAM A. WEIGERT, Respondent.— In an action for damages for alleged breach of an agreement of settlement, plaintiff appeals from a judgment dismissing his complaint on the merits at the close of plaintiff's case. Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.