MORRIS REISMAN, Plaintiff, *v.* INDEPENDENCE REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, June 2, 1949.

*Howard L. Kuttner* for plaintiff.

*Joseph L. Forscher* for Solomon Traub, defendant.

*Solomon Traub* for Independence Realty Corporation, defendant.

McNALLY, J. This action is in equity to offset one judgment against another.

On December 31, 1931, the corporate defendant recovered a judgment against the plaintiff in the sum of $2,451.22 in the City Court of the City of New York, County of New York. On May 27, 1941, Mark Rafalsky & Co. recovered a judgment in the sum of $17,796.75 against the corporate defendant. On November 11, 1947, in consideration of the sum of $500, Rafalsky assigned the said judgment to plaintiff. There was then due thereon the sum of $15,311.34. The plaintiff seeks to setoff the latter judgment against the judgment of December 31, 1931.

The defendant, Traub, was a member of the law firm of Edison and Traub, which was retained by the corporate defendant in 1931 to enforce the claim against the plaintiff upon which the 1931

judgment rests. Edison and Traub were engaged on a contingent basis. They were to receive 50% of the amount recovered and collected. The claim was reduced to judgment on December 31, 1931. During 1940 the corporate defendant and Edison and Traub agreed that the latter were to receive 70% instead of 50% of the amount recovered and collected on the judgment against the plaintiff. The court finds that the consideration for the increase from 50% to 70% was legal services theretofore rendered by Edison and Traub to the corporate defendant in connection with matters other than its claim against this plaintiff. The firm of Edison and Traub dissolved and the defendant Traub is the liquidating partner. Traub claims the amount of the judgment and interest against the plaintiff to the extent of 70% by way of an attorney's lien under section 475 of the Judiciary Law and an equitable assignment, which he asserts is required to be satisfied before the plaintiff's right to setoff, if any.

The firm of Edison and Traub were the attorneys of record in the suit against the plaintiff. An attorney's lien arose at the commencement of the action against the plaintiff and attached to the judgment. (Judiciary Law, § 475.) The measure of the lien, in the absence of a special agreement, is the reasonable value of the legal services rendered in the action. In the instant case there was an agreement, which is binding unless it is shown to be void because unconscionable, which the plaintiff has failed to demonstrate (*Ward* v. *Orsini*, 243 N. Y. 123; *Matter of Sasson*, 231 App. Div. 524; *Frieder* v. *Alderman*, 95 Misc. 259).

It is unnecessary to decide whether the lien of the attorneys survived the arrangement of 1940 whereby their share was increased to 70%. The said arrangement effected an equitable assignment to the attorneys of the judgment against the plaintiff to the extent of 70% thereof, which antedated and is superior to the right of setoff now asserted by him. (*Harwood* v. *Grange*, 137 N. Y. 538, 540; *Williams* v. *Ingersoll*, 89 N. Y. 508; *LaFetra* v. *Hudson Trust Co.*, 203 App. Div. 729, affd. 236 N. Y. 533.) The equitable right of setoff presently sought to be enforced is subject to the said equitable assignment. (*Williams* v. *Ingersoll*, *supra*.) Even in the absence of notice of the equitable assignment, and assuming the plaintiff to be a purchaser for value, no legal right or title to the judgment against him was obtained by plaintiff upon the assignment to him of the judgment against the corporate defendant, and hence plaintiff is not a transferee in good faith for value who takes free from equitable liens or

assignments. (*Central Trust Co.* v. *West India Improvement Co.,* 169 N. Y. 314.) Nor does it avail the plaintiff that the equitable assignment to the attorneys is not evidenced by a writing because an assignment need not be in writing (*Williams* v. *Ingersoll, supra,* p. 521) and a judgment may be assigned orally (*Manufacturers Trust Co.* v. *Rechtman,* 239 App. Div. 517, affd. 264 N. Y. 639).

The corporate defendant resists setoff on equitable grounds. Setoff in equity is not a matter of right but is granted in the exercise of discretion defined by well-recognized equitable principles of universal application (*Beecher* v. *Vogt Mfg. Co.,* 227 N. Y. 468, 473). It is contended, and appears without question, that the plaintiff purchased the judgment against the corporate defendant solely for the purpose of setoff and for a relatively nominal consideration. A judgment is an absolute legal obligation to pay, which is unaffected by its assignment, and the adequacy of the consideration is of importance only between the assignor and assignee; and the purpose to offset does not destroy the right of setoff (*People ex rel. Manning* v. *New-York C. P.,* 13 Wend. 649, 654–655; *Kretsch* v. *Denofrio,* 137 App. Div. 617).

The corporate defendant also argues that the plaintiff will gain an undue advantage in that he will partially escape payment of his obligation by utilizing a judgment against said defendant acquired for a nominal consideration. The court fails to recognize therein any basis for the denial of equitable relief, which is not to be granted or denied except on established equitable grounds as opposed to whim or caprice.

It is also contended that the judgment assigned to the plaintiff may not be offset because the stipulation upon which it was rendered excludes such use. The said stipulation, dated May 20, 1941, contains a warranty on the part of the corporate defendant herein that it has no property, other than that therein specified, which specification did not include the judgment of 1931 against the plaintiff. The said stipulation further provides that the judgment creditor " will not institute any proceedings supplementary to execution * * * or any receivership proceeding against the defendant unless and until plaintiff ascertains, is informed or believes that the defendant has acquired or has or may become entitled to property or assets other than the property described in paragraph ' 2 ' hereof, in which event plaintiff shall be free to enforce any and all its rights to collect its judgment or any balance due thereon as against

said other property." The said stipulation disposes of the property described in paragraph " 2 " thereof. The obvious purpose of the stipulation was to limit the force of the judgment against the property described in paragraph " 2 " and leave the judgment creditor free otherwise to enforce the judgment. The limitation on supplementary proceedings is presently immaterial. In any event, nothing contained in said stipulation affects the right of setoff here asserted.

There remains for determination the right of the plaintiff to offset. It is predicated on the conceded insolvency of the corporate defendant. Traditionally, equity is moved to act on a showing of injury in consequence of insolvency. Here, however, it appears that plaintiff knew of the insolvency of the corporate defendant prior to the assignment to him of the judgment against said defendant . Therefore plaintiff has not been injured by the insolvency and he can point to no threatened injury which will support equitable relief. The principle enunciated in *Pond* v. *Harwood* (139 N. Y. 111, 119) would seem to apply: " Plaintiff was not the owner of the judgment when the appellant's action was brought. He purchased it subsequently with full knowledge of the situation, and of the appellant's insolvency, and paid no value for it. If there is anything due on it, he may enforce it by such appropriate proceedings as the law may authorize; but he cannot invoke the interposition of a court of equity to give him an advantage which at law the ownership of the judgment does not confer upon him. Something more than the mere existence of reciprocal and independent demands is required to authorize a set-off in equity  *  *  *. Circumstances must be shown from which it can be inferred that one debt was contracted on the faith of the other, or that there was an agreement between the parties that the one should be deducted from the other, or some other intervening equity, which renders the interposition of that court necessary for the creditor's protection."

In the instant case none of the required conditions is present. The debts were not contracted on the faith of each other; there was no agreement to apply one against the other; there is no intervening equity. The insolvency preceded and made possible the acquisition of the judgment by plaintiff at a nominal consideration and cannot now be advanced as a basis for equitable relief.

Settle judgment dismissing the complaint on the merits and granting judgment to the defendant, Traub, adjudging him the equitable assignee of the judgment against the plaintiff to the extent of 70% thereof.