In the Matter of the Estate of AMELIA H. ABRAMS, Deceased. CHARLES DEICKLER et al., Individually and as Executors of AMELIA H. ABRAMS, Deceased, Appellants; OSCAR ABRAMS, Respondent.— The executors of a decedent's estate appeal from a decree of the Surrogate's Court of Westchester County, which decree denied their petition to declare null and void respondent's notice of election to share in the said estate as the surviving spouse of the decedent, as in intestacy, pursuant to section 18 of the Decedent Estate Law. Decree reversed on the facts, with costs to appellants payable by respondent personally, and the matter remitted to the Surrogate's Court for the making of a decree not inconsistent with the views hereinafter set forth. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The evidence requires a finding that respondent did not establish a bona fide domicile in the State of Nevada so as to give the court there jurisdiction to grant him a decree of divorce in 1934. Accordingly, the said purported decree of divorce is not to be regarded as having validity in New York, and his subsequent marriage to the decedent was a nullity. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.

In the Matter of the Probate of the Will of EMANUEL BROGGELWIRTH, Deceased. ETHEL GLASPY et al., Appellants; ALFRED E. BROGGELWIRTH, Respondent.— In a proceeding to probate a will, objections were filed that the testator during his lifetime revoked the instrument offered for probate. The Surrogate dismissed the objections and admitted the will to probate. Contestants appeal from the decree entered thereon. Decree of the Surrogate's Court, Nassau County, unanimously affirmed, with costs. The question of revocation is considered a preliminary matter to be decided by the court without a jury as a matter of law. It involves the application of the provisions of section 34 of the Decedent Estate Law. (*Matter of Tremain,* 257 App. Div. 996, affd. 282 N. Y. 485; *Matter of Cook,* 244 N. Y. 63; *Matter of Erlanger,* 136 Misc. 784, affd. 229 App. Div. 778; *Matter of White,* 106 Misc. 210; *Matter of Fehringer,* 183 Misc. 438; *Matter of Coen,* N. Y. L. J., Oct. 8, 1953, p. 693, col. 5.) The evidence was convincing that no duplicate original of the will had been executed and that the document offered by the contestants was an unexecuted typewritten copy of the instrument offered for probate. Although the testator may have intended to make a new will he did not do so. The revocation provisions of section 34 of the Decedent Estate Law were not complied with. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.