D. Ormonde Ritchie, J.
This is a proceeding brought by petitioner pursuant to section 475 of the Judiciary Law for an order determining the amount of a charging lien on the proceeds of a settlement of an action brought in this court in which he represented one Carlo Ceglia, the respondent herein. Subsequent to the execution of a retainer agreement with respondent and prior to the trial and settlement thereon of the action, the petitioner received a notice of Federal tax lien against Ceglia aggregating $1,576.91 from the Director of Internal Revenue. The proceeds of the settlement are presently in possession of the attorneys for the defendant in the action, who, in addition to having been notified of the tax lien, have also been served with a subpoena in supplementary proceedings by a judgment creditor of Ceglia. Although not named as parties to the proceeding, notice of its commencement was served upon the United States and the attorneys for the judgment creditor. The United States appeared specially upon the return day of the application and attacked the jurisdiction of this court to make any adjudication in the proceeding affecting the rights of the United States, citing petitioner’s noncompliance with the *465 United States Code (tit. 28, § 2410) which prescribes the conditions upon which the United States may be named a party in any action or suit.
Lavenburg v. Universal Sportwear (92 F. Supp. 473) disposes of that contention of the United States. In that action, upon an application to remove a proceeding from a State court to a United States District Court pursuant to the provisions of the United States Code (tit. 28, § 1444) it was determined that a proceeding brought pursuant to section 475 of the Judiciary Law was not an action or proceeding to foreclose a lien permitting its removal to a United States District Court pursuant to the provisions of section 1444 of title 28 of the United States Code. Since section 1444 provides for the removal of actions instituted pursuant to the permission granted in section 2410, it follows that a proceeding brought pursuant to section 475 of the Judiciary Law need not comply with the procedural directions prescribed in section 2410. The holding would seem to indicate that the United States, without its permission and consent, could never be joined as a party to a proceeding under section 475. An issue to be disposed of herein then, is whether this court is authorized to adjudicate this proceeding in the absence of the United States as a party. On that issue the court is in agreement with the holding in Matter of Lavenburg v. Universal Sportwear (198 Misc. 318), that a proceeding under section 475 of the Judiciary Law to determine the amount of an attorney’s lien may be adjudicated without the appearance or presence of the United States as a party to the proceeding in whose favor a lien for unpaid Federal taxes exists against the proceeds of the action. Section 475 confers summary jurisdiction on this court to determine the amount and enforce an attorney’s charging lien for services rendered in an action or proceeding. The proceeding is not one to establish a lien. The lien itself is created by section 475 and attaches from the commencement of the action or proceeding. The statutory creation of petitioner’s lien on the proceeds of the action created in him a vested right to a portion of the proceeds of the action. That right cannot be defeated by claims asserted by other lienors, since their claims attach only to the fund remaining after determination of the amount to which the petitioner is entitled. Upon this holding the court rules that other lienors or creditors asserting claims against the proceeds of an action to which a judgment or other debtor or delinquent taxpayer may become entitled are not necessary or proper parties to a proceeding brought pursuant to section 475 to determine the amount of an attorney’s lien. Determination of *466 the amount is primarily the concern of the attorney and client. It may well become the concern of other claimants, and their presence as parties to the proceeding be directed where ownership of the fund is disputed, or where there exists the taint of a collusively unconscionable retainer agreement, the design of which is to exhaust the proceeds of the action so as to nullify bona fide claims of others, but the very nature of the proceeding under section 475 imposes a duty upon the court to preserve and protect the rights and interests of all claimants to the proceeds of an action or proceeding and to that end to direct their joinder as parties to the proceeding if the facts so warrant. By the rulings herein it is not to be understood that the court finds that the only proper or necessary parties to a proceeding under section 475 are the attorney and client and the joinder of other parties as necessary, proper or indispensable be only upon direction of the court. The rulings herein are confined to the facts and issues here presented.
For the reasons herein stated the court finds that neither the United States nor the judgment creditor is a necessary or proper party to this proceeding and that service of notice of commencement of the proceedings upon them did not constitute them parties hereto. Accordingly, the motion of the United States on its special appearance need not be ruled upon nor will a ruling be made in regard to the relief sought by the judgment creditor.
The application of petitioner is granted and the amount of his lien upon the proceeds of the action is determined to be $200 and the attorneys in possession of said proceeds are directed to pay petitioner the sum of $200 out of said sum.