Alexander Del Giorno, J.
This is a motion for an order, under section 475 of the Judiciary Law, determining the amount of an attorney’s lien and directing its payment by the Comptroller of the State of New York out of an award payable to the claimant.
On or about August 23, 1961, petitioner-attorney Donald S. Goldberg was retained by claimant to represent it in an appropriation proceeding pending in this court, wherein its trade fixtures and improvements were being acquired by the State. Petitioner filed a claim on behalf of claimant on May 10, 1962, and took the necessary action for the preservation of its rights.
At the time of being retained, a retainer agreement was executed by claimant and petitioner, the claimant agreeing to pay a fee of 50% of an amount over the State’s appraisal.
On March 15,1963 an offer was made by the State to claimant in the sum of $9,000, which was refused by it.
On June 3, 1963, the claim was reached for trial and claimant agreed, subject to a trial and formal decision by this court, to accept the sum of $17,500, without interest, as the valuation of its fixtures. The trial court found that claimant was a tenant in possession, having record ownership of the trade fixtures and improvements subject to a chattel mortgage held by County Luncheonette, Inc., in the sum of $43,500. Immediately prior to trial, at a conference in chambers, claimant and the mortgagee agreed that the latter would receive in full payment, settlement and satisfaction of its chattel mortgage, the sum of $8,250 for principal and interest thereon to and including the date of entry of judgment herein. The court awarded judgment to claimant in the sum of $17,500 which included interest to the date of entry of judgment.
Since the appropriation date, several judgments against claimant have been filed. The award has not been collected because the said judgment creditors refuse to execute releases, each claiming priority over the others.
Petitioner on the hearing of the motion alleged that his fee amounted to the sum of $4,250, with interest from the date of the retainer, and that his disbursements amounted to the sum *874 of $400.18. He later withdrew his claim for interest from the date of the retainer, but asserted that he was entitled to interest from the date of the settlement.
Section 474 of the Judiciary Law provides that “ The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law ”.
In the case of Matter of Peters (Bachmann) (271 App. Div. 518, 522) the court held: “ Respondents’ lien upon the future judgment was imposed by statute upon the filing of the claim. A proceeding under section 475 of the Judiciary Law, by an attorney who has procured a judgment for his client, is not to establish the lien but to have the court determine the amount thereof. Creditors of the client are not privy to the retainer agreement and are not necessary parties to the proceeding under this section to have the amount of the lien established. Creditors of the client may hereby assert and enforce their claims against the portion of the judgment remaining after the amount of the attorneys’ lien has been paid or otherwise discharged.”
There has been no allegation or proof that the retainer agreement was fraudulently or wrongfully procured, and hence it is binding upon attorney and client, and upon the creditors of the client. It governs in determining the amount of the attorney’s lien. (Matter of Peters [Bachmann], supra, citing Ward v. Orsini, 243 N. Y. 123; Morehouse v. Brooklyn Hgts. R. R. Co., 185 N. Y. 520; Rodkinson v. Haecker, 248 N. Y. 480; Ransom v. Ransom, 147 App. Div. 835; Matter of Liebergall, 189 App. Div. 681.)
The retainer contract is not unconscionable as a matter of law. (Matter of Peters [Bachmann], supra.)
Petitioner is not entitled to interest from the date of settlement, because the prior decision of this court specifically so provides.
Petitioner has alleged in his moving papers that he disbursed on behalf of his client the sum of $350 to the fixture expert and the sum of $50.18 for photographs and incidentals, making a total of $400.18. The allegation has not been controverted or questioned.
Accordingly, the court fixes the fee of the attorney in the sum of $4,250, without interest, plus disbursements in the sum of $400.18, making a total of $4,650.18.