■ In the Matter of Betty A. Smeido, Respondent, v. Frederick Jansons, Appellant.— In a proceeding pursuant to article 5 of the Family Court Act to establish the paternity of a child expected to be born out of wedlock and to provide for its support, the putative father appeals, by permission of this court, from a resettled order of the Family Court, Nassau County, entered November 27, 1964, which denied his motion to dismiss the petition. Resettled order affirmed, without costs. In support of the motion it was contended: (1) that the court does not have jurisdiction of the subject matter in that the recovery of a sum of money only is sought and that such a claim is constitutionally required to be tried by a jury on the demand of either party, and not by the court alone; and (2) that section 531 of the Family Court Act, which provides that the trial in paternity proceedings shall be "by the court without a jury", is unconstitutional. For the reasons stated by the learned Justice of the Family Court, we find these contentions to be legally untenable. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of Jerome B. Tobias, Respondent, v. Caroline Smith, Appellant.— In a proceeding pursuant to statute (Judiciary Law, § 475), by an attorney to fix and enforce a lien for services rendered to the plaintiff in an action brought by her to recover damages for personal injury, the said plaintiff appeals from an order of the Supreme Court, Rockland County, entered July 23, 1963 upon reargument, which: (1) fixed said attorney's lien in the sum of $11,578 upon the proceeds of the settlement of said action; and (2) directed the payment to him of such sum as his compensation for services rendered, including his costs and disbursements in said action. Order reversed on the law and the facts, without costs, and proceeding remanded to the court below for the purpose of: (1) holding a plenary hearing upon all the issues raised by the parties, including: (a) the question of the reasonableness of the attorney's fee as specified in the retainer agreement; and (b) the question of the propriety and reasonableness of the attorney's claimed expenses and disbursements in the action; and (2) making a determination de novo upon the basis of the proof adduced upon such hearing. It appears that Special Term fixed the amount of the attorney's lien by relying solely upon the petition, answer and affidavits submitted by the parties, including the terms of a purported 1957 retainer agreement. In our opinion, the papers before Special Term required that a hearing be held for the resolution of all the issues raised, including particularly the issues above stated (see Gair v. Peck, 6 N Y 2d 97; Matter of Cox v. Scott, 10 A D 2d 32). Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.