Arthur C. Aulisi, J.
In this action the plaintiff (Bank) seeks to recover a judgment of $1,300, of which amount the sum of $1,000 represents moneys allegedly advanced to the corporate defendant (Corporation) at the request of the individual defendant (Ledda), its president, while the remaining $300 is said to represent reasonable counsel fees which the defendants obligated themselves to pay in the event of the exercise by the Bank of any of its rights under provisions of a general loan and collateral agreement, dated April 23, 1974. The agreement refers to a line of credit which the Bank might, in its discretion, extend or continue in favor of the Corporation and was executed in behalf of the Corporation at the time of alleged negotiations with the Bank for a $50,000 loan.
The uncontroverted allegations of the Bank indicate that the sum of $1,000 was advanced to the Corporation on or about May 2, 1974, during the pendency of the loan negotiations, when Ledda requested the Bank to honor a check for $1,000. Presumably, this amount was deposited in or credited to the Corporation’s checking account, since it is alleged and not denied that the check was honored by the Bank in cash at the teller’s window at the Bank. Apparently, the $50,000 loan to the Corporation never materialized and the Bank now seeks its $1,000. The liability of Ledda is based upon an instrument of guarantee of the Corporation’s liabilities which was executed by Ledda and his wife at the same time the agreement was executed.
The motion is based upon a moving affidavit of one of the attorneys for the Bank, verified the 11th day of September, 1974, *417 to which are attached various papers and exhibits, including copies of the agreement and guarantee, and was originally returnable on October 21, 1974. The motion was finally argued on November 18, 1974 and at that time the court permitted the plaintiff to submit an affidavit made by an officer of the Bank (see Leonard Hosp. v. Messier, 32 A D 2d 596; Di Sabato v. Soffes, 9 A D 2d 297, 301).
From the papers attached to the moving affidavit, it appears that the action was commenced by the service of a summons with notice upon both defendants on August 20,1974. The notice given is that provided for by CPLR 305 (subd. [b]) and indicates that, in the event’of default, judgment will be taken for $1,000, with interest from May 2,1974, plus costs and disbursements, and that the action is for “ monies had and received It also appears that on or about August 22, 1974, the attorneys for the defendants served upon plaintiff’s attorneys a notice of appearance and demand for a copy of the complaint in the action.
The answering affidavit of the defendants asserts generally that there are valid defenses to the action in that the notice of motion was “ untimely served and improper because there is a distinct question of fact ”. The defendants further alleged that the Bank agreed to loan to the Corporation the sum of $50,000; that the $1,000 advance was made pursuant to the agreement; and that the defendants sustained damage as a result of the cancellation of the $50,000 bank loan.
CPLR 3213 was designed ‘ ‘ to provide a speedy and effective means of securing a judgment on claims presumptively meritorious ’’where the use of formal pleadings, as in a conventional action, would be superfluous. (4 Weinstein-Korn-Miller, N. Y. Civ. Prae., par. 3213.01.) The new procedure was made available in two classes of action, namely, an action on a judgment and an action on a money-only instrument.
In this action, the plaintiff contends that its action is based upon an instrument for the payment of money only. It has annexed to the moving affidavit copies of the general loan and collateral agreement, Uniform Commercial Code financing statements, a corporate bank resolution, the guarantee of the Corporation’s liabilities to the Bank by Ledda and his wife, and, finally, a check 'in the amount of $1,000 drawn by Ledda on the Bank and made payable to one Richard Keyes. This last item, it is alleged, was actually a check of the Corporation (though nothing on the instrument so indicates) honored by the Bank, at Ledda’s request, as hereinbefore noted.
*418 There may be some question that this is an action based upon “ an instrument for the payment of money only ” as would entitle the plaintiff to a judgment under CPLR 3213. One of the problem areas is whether or not the determination of the case would depend upon proof of facts outside the instrument itself. (See Goodman v. Solow, 27 A D 2d 920; Channel Excavators v. Amato Trucking Corp., 48 Misc 2d 429; cf. Paul v. Weiss, 48 Misc 2d 683, affd. 24 A D 2d 1054; Istituto Per Lo Sviluppo Economico Dell’Italia Meridionale v. Sperti Prods., 47 F. R. D. 310.) However, a resolution of that issue is not necessary because other considerations require a denial of the motion.
The action was commenced by the service of a summons with notice, and there is nothing before the court to show that the motion papers were served with the summons as the statute requires. Moreover, the summons served in this action was the usual form of summons and did not require the defendants to answer the motion. (McKinney’s 1965 Session Laws, Legislative Reports, p. 1982.) It is true that the notice of motion is labeled as “ Amended Notice of Motion ”, but none of the papers submitted indicate that the summons and the notice of motion were served at the same time. On the contrary, the affidavits of service annexed to the moving papers indicate that only the summons with notice was served on the defendants when this action was commenced. The notice of motion and the moving affidavit are both dated September 11, 1974. Under these circumstances, once the defendants served their notice of appearance and demand — August 22, 1974 — they became entitled to a copy of plaintiff’s complaint. (CPLR 3012, subd. [b].)
In addition, an issue of fact is raised as to the reasonableness of the amount claimed as counsel fees in connection with the collection of the moneys advanced. This issue must be resolved by a jury. (Paul v. Weiss, 48 Misc 2d 683, supra.)
Neither can relief be granted to the plaintiff under CPLR 3212. Issue has yet to be joined. Although superficial technical errors in procedure should be disregarded in order to avoid waste of judicial and professional time, the difficulty presented here is more substantial. The plaintiff chose to chart a specific course of action permitted by the statutes and should be required to conform to its choice. Orderly procedure would seem to demand no less.
Accordingly, the motion of the plaintiff is denied, without prejudice to any procedural remedy it might have after plead *419 ings have been served. The plaintiff is directed to serve a copy of its complaint upon the attorneys for the defendants within 20 days after service of a copy of the order with notice of entry.
The complaint, of course, can include the claim for counsel fees, notwithstanding the amount specified in the notice served with the summons. (Everitt v. Everitt, 3 A D 2d 413, affd. 4 NY 2d 13.)