■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MITCHELL, Appellant.—Judgment, Supreme Court, New York County, rendered May 31, 1973, after a jury trial, convicting the defendant of the crimes of robbery in the first degree, grand larceny in the third degree, possession of a weapon as a felony, attempt to commit the crime of robbery in the first degree, and attempt to commit the crime of grand larceny in the third degree, unanimously modified, on the law, to the extent of reversing the convictions on the counts of grand larceny in the third degree, possession of a weapon as a felony, and attempted grand larceny in the third degree, and dismissing those counts of the indictment and as so modified the judgment is affirmed. Those counts which we have dismissed are concededly inclusory concurrent counts; therefore, the conviction of the defendant of the crimes of robbery in the first degree and attempt to commit the crime of robbery in the first degree mandates dismissal of the inclusory concurrent counts (CPL 300.40, subd 3, par [b]; *People v Pyles,* 44 AD2d 784). We have examined the balance of the contentions of the defendant and found them to be without merit. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.

■ GIORGIO BERNINI, Respondent, v WILLIAM J. ZYLKA, Appellant.— Order, Supreme Court, New York County, entered July 23, 1975 denying defendant's motion for summary judgment and granting plaintiff's cross motion to amend the complaint is unanimously modified, on the law and in the exercise of discretion, without costs and without disbursements, so as to strike the allegations of agreed value from the complaint and to deny plaintiff's cross motion to amend the complaint, and as so modified affirmed. The reasonable value of an attorney's services almost always presents a triable issue of fact, and it does in this case. Defendant has failed to establish that there is no issue of fact as to whether there was an account stated. Special Term did not abuse its discretion in leaving questions of Italian law for the Trial Judge who will presumably have the benefit of oral testimony from Italian law experts. (CPLR 4511, subd [c].) However, it is undisputed that the amount sued for was not agreed upon and that plaintiff's case is based upon reasonable value. As the original complaint claims both "agreed and reasonable value," striking the allegations as to agreed value leaves only a claim for reasonable value and makes unnecessary the amendment to add a second cause of action for reasonable value. Concur— Stevens, P. J., Murphy, Silverman, Capozzoli and Nunez, JJ.