**Carl SPIELVOGEL and Barbaralee Diamonstein Spielvogel, Plaintiffs,**

v.

**HARKINS & MAEGER LTD., Jiffy Electric Contractors, Inc., Elgot Sales Corp., Irwin G. Hearn d/b/a George R. Collins Plumbing, Internal Revenue Service, Christopher Cooley, Edwin H. Stern, III, Defendants.**

**Dorsey & Whitney, Defendant-Intervenor.**

No. 86 Civ. 2273 (WCC).

United States District Court, S.D. New York.

July 22, 1986.

Davis & Gilbert, New York City, for plaintiffs; Miles Baum, of counsel.

Harkins & Maeger Ltd., pro se.

Harvey Chaly, P.C., Lake Success, N.Y., for defendant Jiffy Elec. Contractors, Inc.

Harmon & Marshall, New York City, for defendant Elgot Sales Corp.; Gary S. Rappaport, of counsel.

Irwin G. Hearn d/b/a George R. Collins Plumbing, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant I.R.S.; Harriet L. Goldberg, Asst. U.S. Atty., of counsel.

Law Firm of Nicholas R. Doman, New York City, for defendant Christopher Cooley; Peter D. Oram, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Edwin H. Stern, III; Allan Blumstein, Alisa D. Shudofsky, of counsel.

Dorsey & Whitney, New York City, pro se; Peter D. Goldstein, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiffs Carl and Barbaralee Spielvogel ("the Spielvogels") brought this interpleader action in the New York Supreme Court, New York County, to have that court resolve competing claims to a fund they held amounting to approximately $121,000. The case was removed to this Court by the Internal Revenue Service ("IRS"), one of the interpleaded defendants.

Simply stated, the principal claims to the fund arose as follows: The Spielvogels hired Harkins & Maeger Limited ("Harkins & Maeger"), a general contractor, to renovate their cooperative apartment on the upper East side of Manhattan. Harkins & Maeger performed the renovations, but a dispute arose between the parties. The dispute was submitted to arbitration, and an award was rendered in favor of Harkins & Maeger in the amount of $100,000 plus interest. The New York Supreme Court, New York County, confirmed the arbitration award and entered a judgment in favor of Harkins & Maeger in the sum of $121,476.67.

Before the Spielvogels could pay the judgment, various creditors asserted claims to it. These included: (1) the IRS, which asserted a tax lien in the amount of $111,429.21; (2) Edwin H. Stern, III ("Stern"), a judgment creditor of Harkins & Maeger who asserted a claim in the amount of $42,151.50; (3) Christopher Cooley, a security interest holder who asserted a claim in the amount of $46,000; and (4) Jiffy Electric Contractors, Incorporated, Elgot Sales Corporation, and Irwin G. Hearn d/b/a George R. Collins Plumbing ("Hearn"), three subcontractors that asserted mechanic's liens in the amounts of $17,730.00, $1,690.00, and $10,047.97, respectively.[1]

---

1. Harkins & Maeger and Hearn failed to answer the interpleader complaint and are, therefore,

After the Spielvogels commenced this interpleader action, Dorsey & Whitney, the law firm that represented Harkins & Maeger in the arbitration proceedings and the action to confirm the arbitration award, intervened. Dorsey & Whitney asserted an attorney's statutory charging lien pursuant to section 475 of the New York Judiciary Law, N.Y.Jud.Law § 475 (McKinney 1983), in the amount of $45,633.89.

This matter is now before the Court on Dorsey & Whitney's motion for summary judgment. The law firm seeks: (1) an order that its attorney's lien has priority over the claims of all other defendants, and (2) an order fixing the amount of its lien in the amount of $45,633.89. For the reasons set forth below, Dorsey & Whitney's motion is granted in part and denied in part.

*Discussion*

■ None of the parties disputes that Dorsey & Whitney's charging lien is entitled to priority over the claims of all other defendants. The IRS and Stern, the only defendants that submitted papers in opposition to Dorsey & Whitney's motion, expressly concede this point. Memorandum of Defendant Internal Revenue Service in Opposition to Dorsey & Whitney's Motion for Summary Judgment on Its Cross-Claim at 2; Memorandum of Defendant Edwin H. Stern, III in Opposition to Dorsey & Whitney's Motion for Summary Judgment on Its Cross-Claim at 5. Accordingly, that portion of Dorsey & Whitney's motion that seeks an order establishing the priority of its attorney's statutory charging lien over the claims of all other defendants is granted.

■ However, while there is no dispute that the law firm's charging lien is entitled to first priority, the IRS and Stern contend that the amount of Dorsey & Whitney's lien cannot be fixed at this early juncture. Dorsey & Whitney's fee arrangement with Harkins & Maeger provided that the law firm would be paid at its standard hourly rates for the hours expended on Harkins & Maeger's behalf. The IRS and Stern contend that since Dorsey & Whitney was to be compensated at an hourly rate rather

than on the basis of a fixed or contingent fee, summary disposition of the amount of the law firm's lien is inappropriate. They contend that they are entitled to discovery to determine whether the number of hours claimed is reasonable and whether they were incurred in connection with obtaining the judgment which led to the creation of the fund.

In response, Dorsey & Whitney notes that its client did not and does not contest the appropriateness of the firm's fee, and argues that the IRS and Stern lack standing to do so. In support of this position, the firm cites several New York cases holding that the client's creditors are not necessary or proper parties in a summary proceeding under section 475 of the Judiciary Law. *See, e.g., In re Peters*, 271 A.D. 518, 67 N.Y.S.2d 305 (3d Dep't 1946), *modified*, 296 N.Y. 974, 73 N.E.2d 560 (1947); *Meltzer v. Ceglia*, 9 Misc.2d 464, 167 N.Y.S.2d 69 (Sup.Ct.N.Y. County 1957). Dorsey & Whitney focuses on the language that "[c]reditors of the client are not privy to the retainer agreement and are not necessary parties to a proceeding under [section 475] to have the amount of the lien established. Creditors of the client may only assert and enforce their claims against the portion of the judgment remaining after the amount of the attorneys' lien has been paid or otherwise discharged." *In re Peters*, 271 A.D. at 522, 67 N.Y.S.2d at 309. From this, Dorsey & Whitney suggests that the fixing of the amount of its lien is a mere formality and that it is virtually automatically entitled to the amount claimed.

There is indeed language in the cases cited by Dorsey & Whitney to support its position. But, in each of these cases, the attorney's fee arrangement with the client called for the payment of either a fixed or a contingent fee. Under such circumstances, New York courts will summarily grant a lien in the agreed-upon amount unless the agreement was procured by fraud or overreaching. *See, e.g., Sea Isle Foods, Inc. v. State*, 40 Misc.2d 872, 873–74, 244 N.Y.S.2d 613, 614 (Ct.Cl.1963); *Reisman v. Independ-*

no longer competing for the fund.

*dence Realty Corp.*, 195 Misc. 260, 262, 89 N.Y.S.2d 763, 765 (Sup.Ct.N.Y. County 1949), *aff'd mem.*, 277 A.D. 1020, 100 N.Y.S.2d 407 (1st Dep't 1950). However, where the fee arrangement is open ended, New York courts will fulfill the lien only to the extent that the fee claimed is reasonable in light of the services rendered. *See, e.g., Tobias v. Smith*, 23 A.D.2d 796, 796, 258 N.Y.S.2d 885, 886 (2d Dep't 1965) (mem.); *Spinello v. Spinello*, 70 Misc.2d 521, 527, 334 N.Y.S.2d 70, 78 (Sup.Ct. Nassau County 1972); *Reisman*, 195 Misc. at 262, 89 N.Y.S.2d at 765. Not surprisingly, these courts consistently state that the issue of whether a fee is reasonable raises questions of fact that must await a hearing or trial. *See, e.g., Bernini v. Zylka*, 51 A.D.2d 689, 689, 379 N.Y.S.2d 104, 105 (1st Dep't 1976) (mem.); *Tobias*, 23 A.D.2d at 796, 258 N.Y.S.2d at 886; *Chemical Bank—Eastern, N.A. v. Love Lumber Co., Inc.*, 80 Misc.2d 415, 418, 361 N.Y.S.2d 1001, 1004 (Sup.Ct.Wash. County 1974).

█ Nonetheless, Dorsey & Whitney contends that the IRS and Stern lack standing to conduct discovery and raise objections to its claim. This is clearly not the case, at least with respect to the IRS. While the IRS concedes that Dorsey & Whitney's statutory charging lien is entitled to priority over the government's tax lien, that is true only to the extent that the attorney's fee is reasonable. *See* I.R.C. § 6323(b)(8). Our court of appeals has held that a district court should hold an evidentiary hearing on the reasonableness of an attorney's fee under such circumstances. *See United States v. Bosurgi*, 530 F.2d 1105, 1113 n. 8 (2d Cir.1976).

I think it also appropriate to give Stern an opportunity to conduct discovery and make objections to Dorsey & Whitney's fee. While New York cases emphasize the limited and summary nature of section 475 proceedings, and do not ordinarily permit a client's creditors to participate, I find these cases not entirely applicable here. This is not a section 475 proceeding. This suit was not brought by Dorsey & Whitney; indeed, the law firm was not named as a defendant and is present only as an intervenor. Rather, this is a federal interpleader action, brought by a disinterested stakeholder for the express purpose of resolving many competing claims to a limited fund. Such proceedings are equitable in nature, and because by definition the fund is insufficient to satisfy all claims against it, the Court must be acutely sensitive to the fairness of disbursements from the fund. Indeed, where the amount of an attorney's charging lien will affect the rights of persons other than the client, New York courts also decline to fix the amount of the lien summarily. *See, e.g., 1273 Serv. Corp. v. National Sec. Fire & Casualty Co.*, 60 A.D.2d 627, 627, 400 N.Y.S.2d 166, 167 (2d Dep't 1977) (mem.); *Curran v. Keshian*, 154 N.Y.S.2d 80, 82 (Sup.Ct. Kings County 1955); *Shaw v. Shaw*, 66 N.Y.S.2d 437, 438 (Sup.Ct. Kings County 1946).

Thus, I conclude that a limited period of discovery is appropriate, and accordingly, Dorsey & Whitney's motion for summary judgment is denied to the extent that it seeks an order fixing the amount, as opposed to the priority, of its charging lien. The parties are directed to conduct this discovery expeditiously, and to appear for a pretrial conference before the Court on Friday, October 31, 1986, at 9:30 A.M. in Courtroom 618. At that time, I will consider whether a renewed motion for summary judgment by Dorsey & Whitney is appropriate. In addition, I note that the IRS has indicated that it also may wish to move for summary judgment on its claim. The October conference is an appropriate time to consider that motion as well.

SO ORDERED.